Lawrewce, J.
It is undoubtedly true that the. plaintiff could hot amend the summons without an application to the court (see Code of Civil Procedure, §§ 723, 727). This was the rule under the-old Code (see 1 Waits Practice, 490), where it is stated that the power of amending once as Of course, conferred on parties to an action by’section 172 of the. Code, relates tó pleadings and not' to process. The various casés under the old Code upon this subject are also there collected. The amended summons was therefore irregular ; but I see no reason for striking it out, inasmuch as the defendants who make this motion retained the same from the 14th to the 22d of March, and thereby, I think, lost their right to object thereto (Hollister v. Livingston, 9 How. Pr. 140).
Even if this view is not correct, I do not see that the defendants who make this motion can sustain any. damage from the amendment of the summons. r Simultaneously with the argument of this motion a motion was presented to the court asking for leave to amend' *95 the summons. The motion, so far as it respects the striking out of the summons, will, therefore, necessarily be denied.
The defendants also moved to strike out or set aside the amended complaint, on the ground that such amendment had not been authorized by an order of the court or otherwise. As I understand the facts, the time for the plaintiff to serve the amended complaint had not expired when the complaint was served. It is contended, however, that such amendment was improper, because it consisted in adding the names of the husbands of the female heirs of the deceased as parties defendant, and it is claimed that such husbands are neither necessary or proper parties. Section 450 of the Code of Civil Procedure provides that “in an action or special proceeding a married woman appears, prosecutes or defends, alone, or joined with other parties, as if she were single. It is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property.” In this case, the property sought to be partitioned is the separate property of the wives. Section 1539 of the Code of Civil Procedure provides “that the plaintiff may, at his election, make a tenant in dower, by the curtesy, for life or for years of the entire property, or a creditor or other person having a lien or interest which attaches to the entire property, a defendant in the action. In that case the final judgment may either award to such party either his or her entire right or interest or the proceeds thereof, or may reserve and leave unaffected his or her right or interest dr any portion thereof. A person specified in this section, who is not made a party, is not affected by the judgment in the action.”
Taking these two sections together, I think that it is clear that it is neither necessary or proper to make the husbands of the female defendants parties to the *96 actions. Section 1539 does not apply to this case. That section contemplates a ease in which a party has become a tenant by the curtesy. In this case there are no tenants by the curtesy; the husbands are only tenants by the curtesy initiate. That section only refers to a case where a tenant by curtesy has a right or interest which may be awarded to such party: In this case, unless the husbands survive their wives, neither of the husbands will have a right'or interest in the property, and any contingent right or interest which they may have as tenants by the ctirtesy initiate will not be affected by the proceedings in partition.
I am, therefore, of the opinion that the motion to amend the complaint, so far as it relates to bringing in the husbands of the female defendants, should be denied, but that so far as it relates to the description , of the property sought to be partitioned, and to the correction of the names of the parties already defendant, it should be granted. Let an order be drawn in accordance with these views. No costs allowed to-either party.