FRANK WALTON, Respondent, *v.* E. FRANK COE, Appellant.

An action against a stockholder in a limited liability company organized under the " Business Corporations Act " of 1875 (Chap. 611, Laws of 1875), to recover a debt of the corporation under the provision of the act (§ 37), making such a stockholder liable for the debts of the company to an amount equal to his stock until the whole amount of capital stock has. been paid in and certificate filed, may be maintained after a suit has been commenced against the corporation but before judgment against it.

The remedy of the creditor suing, after recovery of judgment against the stockholder, is simply suspended until after judgment and execution against the corporation and return thereof unsatisfied.

(Argued.June 5, 1888; decided June 19, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made,January 23, 1888, which reversed a judgment entered upon an order sustaining a demurrer to plaintiff's complaint and which overruled the demurrer. (Reported below, 47 Hun, 160.)

This action was brought as a creditor of " The American. Opera Company (Limited)," a limited liability corporation organized under the act, chapter 611, Laws of 1875, against defendant, a stockholder of said company, under section 37 of said act, on the ground that the capital stock had not been paid in.

The complaint alleged that an action had been brought upon the claim against the corporation. The grounds of the demurrer were that it did not state a cause of action, as it failed to allege a judgment against the corporation, the issuing of execution thereon and return thereof unsatisfied.

*Henry D. Hotchkiss* for appellant. Clear and unmistakable words must be found in a statute, to justify a construction thereof, which imposes upon a stockholder the burden and expense to defend a suit brought by one who claims to be a. creditor, to recover a debt of the company, not merely in advance of an unsatisfied execution against the company, but before the creditor has obtained a judgment against the company

and been legally adjudged to be a creditor thereof. (Cook on Stockholders, § 221; *Handy* v. *Draper*, 89 N. Y. 334, 337; *Jessup* v. *Carnegie*, 80 id. 441; *Corning* v. *McCullough*, 1 id. 47.) The sections of the business corporations act of 1875 (chap. 611), must be construed together. (*McIntyre* v. *Strong*, 16 J & S. 127.) The act of 1875 creates a distinction, as disclosed by their titles, between "full liability companies" and "limited liability companies," and stockholders in companies of the latter class are liable for the debts of the company only until the capital stock has been paid in and a certificate thereof filed as required by section 37. (*Hastings* v. *Drew*, 76 N. Y. 9–16; Cook on Stockholders, §§ 119, 200; *Bradley* v. *Mining Co.*, 105 U. S. 175.) The right to a judgment against the stockholder depends upon a prior judgment against the company. (*Richards* v. *Coe*, 19 Abb. N. C. 79; *Richards* v. *Beach*, 12 N. Y. 136.)

*William W. Badger* for respondent. An action lies in the first instance against a stockholder in a limited liability company, organized under chapter 611 of the Laws of 1875, to recover a company debt as soon as the debt is contracted. (*Wheeler* v. *Miller*, 90 N. Y. 363; *Corning* v. *McCullough*, 1 id. 56, 58, 66, 75, 76; *Lindsley* v. *Simmons*, 2 Abb. Pr. [N. S.] 74; *Terry* v. *Little*, 101 U. S. 217; *Flass* v. *Conn.*, 109 id. 371; *Manfg. Co.* v. *Bradley*, 105 id. 175; Cook on Stockholders, 212, notes 1, 10.) A stockholder of a corporation, in fact, is the principal debtor, as long as capital fixed or subscribed for by him is not paid in, and the company is only his creature or agent, acting for him, and by his will and control, and an action at law lies against him as principal. (Cook on Stockholders, §§ 223, 224, note 1; id. 217, notes 1, 2, 3; id. 218, note 2; id. 212, 213, notes 1, 2; *Garrison* v. *Howe*, 17 N. Y. 462; *Bank of P.* v. *Ibbottson*, 24 Wend. 479; *Weeks* v. *Love*, 50 N. Y. 568.)

ANDREWS, J. This appeal presents the single question, whether a creditor's action against a stockholder in a limited

liability company, organized under the business corporations act (Chap. 611, of the Laws of 1875), for a debt of the corporation, upon the liability imposed by section 37, can be maintained after a suit to recover the debt has been commenced against the corporation, but before judgment has been obtained therein against the corporation. It is purely a question of statutory construction. The Constitution, by article 8, section 2, provides that dues from corporations shall be secured by such individual liability of the corporators, and other means, as may be prescribed by law, and the liability imposed may be absolute or conditional, immediate or secondary, as the legislature, in its discretion, may determine. The first thing to be determined in all such cases is, "what liability has been created by the particular statute in question." (*Terry* v. *Little*, 101 U. S. 217, WAITE, Ch. J.), and when this has been ascertained liability follows according to the intention of the statute. In this state no uniform practice has been adopted by the legislature. The statutes in some cases impose upon stockholders an immediate and direct liability for the debts of the corporation, which may be enforced by the creditor directly against the stockholder, without his having first proceeded against the corporation, and in other cases they are framed upon what seems to be the more equitable principle that corporate creditors should resort to the corporate assets for the satisfaction of their debts, before proceeding against the individual property of the shareholder. The act of 1848, for the organization of manufacturing corporations, recognizes this equitable principle in defining and declaring the liability of stockholders. By the tenth section stockholders are declared to be severally individually liable for the debts of the corporation, to an amount equal to their stock, until the whole capital stock shall have been paid in and a certificate thereof made and recorded. But the liability of stockholders imposed by this section of the act of 1848 is limited and qualified by the twenty-fourth section. That section exempts a stockholder from liability for any debt of the company, *first*, where the debt was not to be paid within one year from the time it was

contracted; *second*, unless a suit for its collection is brought against the company within one year after due; *third*, where the stockholder has ceased to be a stockholder and no suit shall have been commenced against him within two years after that time, and the final condition of liability, contained in the final clause of the section is, "nor until an execution against the company shall have been returned unsatisfied in whole or in part." The courts have uniformly construed this section as making the recovery of a judgment against the company, and the issuing and return of an execution thereon unsatisfied, conditions precedent to the commencement and maintenance of an action against a stockholder upon his statutory liability. (*Handy* v. *Draper*, 89 N. Y. 334.) It is claimed that the same construction should be applied to the liability clauses in the act of 1875, defining the liability of stockholders in limited liability companies organized under that act. Section 25 of the act of 1875 is identical with section 24 of the act of 1848, with the exception that the last clause above quoted in the act of 1848 is omitted in section 25 of the act of 1875. So, also, section 10 in the act of 1848, declaring the liability of stockholders under that act, is re-enacted as section 37 of the act of 1875, but there is added to section 37 of the latter act the words, "no execution shall issue against any stockholder individually until execution has been issued against the company and returned unsatisfied." It is to be observed that by the omission in section 25 of the act of 1875, of the last clause in section 24 of the act of 1848, section 25 contains no condition making the issuing and return of an execution against the property of the company unsatisfied a prerequisite to the liability declared in that section. It contains, among others, the condition that a suit must have been brought against the company, as in the act of 1848, but does not couple it with the further condition that execution must have been returned unsatisfied before an enforceable liability arises against the stockholders. The provision in the thirty-seventh section of the act of 1875, requiring an execution against the company to be returned unsatisfied, before execution shall issue against

a stockholder, is not made a condition to the commencement of a suit by a creditor against the stockholder. The twenty-fifth section does undoubtedly require that a suit must be brought against the company before the stockholder can be sued. But if such suit against the company be brought, the bringing of a suit against a stockholder during the pendency of that suit is not prohibited by section 37, nor, so far as we can perceive, would it interfere with its policy. The remedy of the creditor upon recovering a judgment against the stockholder would be suspended until after judgment and execution against the company. Under the act of 1875, the equitable principle that recourse must be first had by creditors to the assets of the corporation for the satisfaction of their debts, is preserved, whether it is construed as permitting a suit against the stockholder to be prosecuted after suit commenced against the corporation, but before judgement therein, or the opposite construction is given. In neither case can the judgment be enforced against the individual property of the shareholder, until the remedy by judgment and execution against the corporation is exhausted. Under section 24 of the act of 1848, a creditor could not bring suit against a stockholder after two years from the time he ceased to be such, and as he could not bring suit at all until after judgment and execution against the company, the creditor was subjected to the danger that, by litigation and delay in the suit against the company, his remedy against a stockholder who had ceased to be such might be wholly lost. The change made by the statute of 1875 in the liability clauses of the sections 25 and 37, construed as permitting the two suits to be carried along concurrently, avoids this dilemma. The supposed difficulty which would be created by allowing a judgment to be recovered against a stockholder before judgment had been recovered against the company, which might never be obtained, is rather imaginary than real since the court having control of the actions can so regulate the proceedings therein as to prevent any serious complications. The provision in section 34, that in the case of "full liability companies," stockholders

may be joined as defendants in any action against the company, is permissive and not imperative, and does not, we think, justify an implication that the statute intended to prohibit separate suits against a limited liability company, and a stockholder to be prosecuted concurrently. The liabilities of stockholders in the two classes of companies is very different, and there is reason for the different remedies provided. The case is not free from doubt, but, on the whole, we think the conclusion of the General Term was correct.

The order should, therefore, be affirmed, with leave to the defendant to answer within twenty days upon payment of costs.

All concur, except DANFORTH, J., not voting.

Ordered accordingly.