RICHARDS v. BEACH.

*(Common Pleas of New York City and County, General Term.   February 4, 1889.)*

CORPORATIONS—ACTIONS AGAINST STOCKHOLDERS.

Laws N. Y. 1875, c. 611, § 25, exempting the stockholders of business corporations organized under that act from liability in certain cases, is identical with section 24 of the act of 1848, except that it omits the provision of the act of 1848 that the stockholders shall not be liable "until an execution issued against the company shall have been returned unsatisfied." *Held*, that an action could be maintained against the stockholders of a corporation organized under the act of 1875, though no execution had been issued against the company.

Appeal from city court, general term.

Reargument in view of the decision in *Walton* v. *Coe*, 17 N. E. Rep. 676. Action by Alice Richards against John H. Beach as a stockholder of the American Opera Company, (Limited,) to recover under the general act of 1848, and also under Laws 1875, c. 611, § 37, making stockholders personally liable for corporate debts to the amount of their stock until the full amount of the capital stock is paid in.   Plaintiff sued for the value of her services to the American Opera Company as a ballet dancer.   An order sustaining defendant's demurrer to the complaint was affirmed by the general term of the city court, and defendant appeals.   Laws N. Y. 1875, c. 611, § 25, is identical with section 24 of the act of 1848, which exempts stockholders of manufacturing corporations organized under it from the liability for corporate debts imposed by section 10 in certain cases, except that the act of 1875 omits a clause from the earlier act to the effect that stockholders shall not be liable until an execution against the corporation shall have been returned unsatisfied.

The following is the opinion of McADAM, C. J., at the general term of the city court: "The facts of this case are almost similar to those in *Richards* v. *Coe*,[1] except that the plaintiff in the present action declares upon a judgment against the corporation; but the complaint fails to allege that an execution has been duly issued thereon and returned unsatisfied.   This omission is fatal to the plaintiff's right of action for the reasons assigned in the *Coe Case*. There is no provision in the act of 1875, c. 611, making a stockholder liable for debts due to laborers, servants, or apprentices, for services performed to the corporation, and the allegations of the complaint attempting to bring the plaintiff's claim within the category merit no comment, and may be regarded as surplusage.   The provisions of the manufacturing act of 1848, (chapter 40, § 18,) which the pleader evidently had in mind, because they refer to these subjects, do not in any manner affect corporations created under the act of 1875; but even under these provisions of the manufacturing act of 1848 the stockholder cannot be sued until the legal remedies of the creditor have been exhausted.   The demurrer to the complaint must therefore be sustained, with costs."

*William W. Badger*, for appellant.   *George W. Cotterell*, for respondent.

PER CURIAM.   This court is not restrained by the injunction in the case of *Cochran* v. *American Opera Co.*,[1] even if the parties to the appeal are. If either of them has violated the injunction by bringing on the argument of the appeal, he is responsible.   Since the first argument of this case the court of appeals have decided the matter in controversy in *Walton* v. *Coe*, 110 N. Y. 109, 17 N. E. Rep. 676, adversely to the respondent, and the judgment must therefore be reversed.   But as this decision was made after the appeal had been taken from the city court, we think the respondent should have liberty to answer over, on payment of the costs of the appeal to this court only.

[1]Not reported.