JOHN W. FOULKS, Respondent, *v.* CHARLES H. FOULKS, *et al.*, Appellants.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Legacy. Action.*—In an action to recover a legacy, an allegation of a refusal to pay such legacy, without averring a demand therefor, is sufficient.
2. *Same.*—Nor is it necessary, in order to recover a legacy, to allege that a year has expired since letters were issued, where the executors are about to distribute it to other persons.
3. *Equity. Parties.*—The joining of an unnecessary party, in an equity action, does not render the complaint invalid.

Appeal from an interlocutory decree made at special term, overruling the demurrer interposed by one of the defendants.

This defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*John Cummins*, for appellants.

*Goodrich, Deady & Goodrich,* for respondent.

PRATT, J.—Various objections are made to the sufficiency of the complaint. It is said no allegation is made that plaintiff has demanded his legacy. It is alleged that the executors have refused to pay it to him ; and a distinct refusal by them to pay may be sufficient to excuse him from making a formal demand.

It is objected that there is no allegation that a year has expired since letters were issued to the executor. The allegation is that the will was admitted to probate September 13, 1886, and the summons is dated in 1889. We think it may be inferred that letters were issued to the executors named in the will simultaneously with the probate.

Neither of these suggestions is of much importance in view of the allegation that there is in the hands of the executors $16,000, to which plaintiff is entitled under the will, which the executors are about to distribute to other parties.

If that be true, the action would be maintainable without regard to the time that has elapsed since the issue of the letters. Plaintiff could not be required to lie by without action and see his money distributed to other parties, even if it be true that less than a year had elapsed since the issue of letters.

It is also objected that defendant, Charles H. Foulks, who demurs, is not a necessary party. If that be true it does not sustain the demurrer. The action is in equity and joining an unnecessary party does not render the complaint invalid.

Judgment affirmed, with costs.

DYKMAN, J. concurs ; BARNARD, P. J. not sitting.