ALFRED C. BARNES AND OTHERS, RESPONDENTS, *v.* FRED-
ERICK D. BLAKE, APPELLANT, IMPLEADED, ETC.

| 59 | 371 |
| 66 | 512 |
| 59h | 371 |
| 37 Mis² | 526 |

*Partition — a tenant by the curtesy initiate is not a necessary party — his joinder
not a ground of demurrer.*

In an action for partition the husband of a tenant in common of lands is not,
although he is tenant by the curtesy initiate, a necessary party, but his joinder
as a defendant is not a ground of demurrer.

A misjoinder of parties defendant is not a ground of demurrer under section 488
of the Code of Civil Procedure. Such an objection should be taken by answer.

APPEAL by the defendant Frederick D. Blake from an order and
interlocutory judgment, entered in the office of the clerk of the
county of New York on the 3d day of May, 1890, overruling
the demurrer of said defendant to the complaint, with costs, and
granting leave to the defendant to answer over on payment of costs.

*C. Bainbridge Smith*, for the appellant.

*Flamen B. Candler*, for the respondents.

DANIELS, J. :

The defendant, Frederick D. Blake, has been made a defendant
in this action, which is for the partition of real estate, upon the
allegation that he was a tenant by the curtesy initiate, as the
husband of the defendant, Sarah Frances Blake, who is one of
the tenants in common. The demurrer was served, on the ground
that the complaint stated no cause of action against him. And that
objection seems to be well founded, for the law has not authorized
nor required the husband to be made a party to an action of
partition, when his wife may be interested in the property to be
divided. Who are to be made parties has been declared by section
1538 of the Code of Civil Procedure. That section does provide
for making the wife a party, for the reason that she has an inchoate
right of dower. That is an existing right which may develop into
a title, and surely will do so on the decease of the husband leaving
his wife surviving him, unless she previously released her interest in
the land. But with the husband the case is entirely different, for
he can have no interest or right until the decease of his wife, and
only then in case there has been issue born alive, capable of

inheriting the land. Her conveyance, or divestment of title, during her life will prevent the estate, by way of curtesy, from ever coming into existence. (3 R. S. [6th ed.], 159, § 75.) And it is doubtless for that reason that the husband by this section has not been permitted to be made a party until he shall first have become a tenant by the curtesy. If it had been intended that he should previously be brought in as a party, the section would have so declared, as it has in the case of the wife having an inchoate right of dower. The requirement that she shall be a party, and the omission of it in the case of the husband, is significant evidence of the intention to exclude him until he shall be, in fact, as the section has declared, an actual tenant by the curtesy. This construction is not only supported by the language of the section, but it is further maintained by section 450 of the same Code declaring that " it is not necessary or proper to join her husband with her as a party in any action or special proceeding affecting her separate property." These sections are entirely harmonious and require the husband to be excluded as a party. The husband in this case is not a person who, by any contingency contained in any devise or grant, or otherwise, is or may become entitled to a beneficial interest in an undivided interest in the property. For by no devise, grant or other instrument was such a contingency ever created. And in the connection in which the words " or otherwise " have been used that is the construction required to be placed upon them. (*Lewis* v. *Smith*, 5 Seld., 502, 520.) They were added to include any like or similar source of a contingent interest, and not to include a mere possibility that the husband of a tenant in common may outlive his wife, and, after issue born alive of the marriage, may finally become a tenant by the curtesy. This construction is also supported by the omission specifically to provide for his being made a party, when the fact was within the legislative contemplation in framing the section, and his presence was only provided for as a party after he should, in fact, become a tenant by the curtesy. And this construction was adopted in *Mapes* v. *Brown* (14 Abb. N. C., 94). And to the like effect is *Trustees of Jones Fund* v. *Roth* (18 Weekly Dig., 459).

But the fact that this defendant was not either a proper or necessary party, did not authorize him to demur to the complaint on the

ground taken in his behalf. For it did very clearly state a cause of action for the partition of this real estate. And the complaint, therefore, was not liable to the objection mentioned in the demurrer. It is only when the complaint "does not state facts sufficient to constitute a cause of action" that a demurrer in this form can be sustained. But that is not the condition of this complaint. It does state a cause of action, which is sufficient to exclude it from this subdivision of section 488 of the Code of Civil Procedure. (*Foulks v. Foulks*, 25 N. Y. St. Rep., 339.)

The only class of cases in which a demurrer has been authorized by section 488 of the Code of Civil Procedure for an excess of parties is where there is a misjoinder of plaintiffs. The misjoinder of defendants was not deemed so serious a defect as to require a demurrer for its redress. It has, therefore, been left as it stood under the former system of practice, to be corrected by answer, by way of disclaimer, where the party has no interest in the subject of the action. The Special Term should not only have overruled, but also dismissed the demurrer as improperly served.

And the order should be so modified, and, as modified, affirmed, with costs.

Brady, J., concurred.

Van Brunt, P. J.:

I concur in the result of Mr. Justice Daniels' opinion only. It seems to me that as the learned judge has thought it necessary to discuss so elaborately the question as to whether the husband is a necessary party, it is apparent that he was a proper party, as in a partition suit every person is a proper party, who may have even only a colorable claim.

Order modified as directed by opinion, and as modified affirmed, with costs.