CAROLINE A. MIDDLEBROOK, RESPONDENT, *v.* MARY E. TRAVIS AND OTHERS, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Partition — tenants by the courtesy initiate as parties thereto — when a demurrer is improper — misjoinder of parties — another action pending — motion to strike out an answer as frivolous.*

Stephen Allen, by his will, which was proved in 1852, devised certain lands to his executors, in trust, to pay the rents, issues and profits thereof to his daughter, Mary Ann Hart, for life, with remainder, after her decease, to her children living at her death.

Mary Ann Hart died July 21, 1892, upon the next day one of her daughters, Mary E. Travis, began an action to partition the premises, to which she made parties defendants the heirs of Mary Ann Hart and the lessees in possession of the premises, but the husbands of certain of the tenants in common were not made parties to the action.

Upon July 23, 1892, the present action for partition was brought by another daughter of Mary Ann Hunt, named Caroline A. Middlebrook, against the same defendants, to whom were joined the husbands of the tenants in common, but the lessees in possession were not made parties.

Subsequently Martin Van Buren Travis, husband of Mary E. Travis, interposed a demurrer to the complaint in this latter action upon the ground that the complaint did not, as to him, state facts sufficient to constitute a cause of action. Other defendants, tenants by the curtesy initiate, answered in this action, setting up as the defenses a misjoinder of parties, and the pendency of the action begun by Mary E. Travis.

Upon appeal from an order overruling the demurrer of Martin Van Buren Travis as frivolous, and striking out the answers of the other defendants as frivolous;

*Held,* that the demurrer was properly overruled, the remedy being by answer.

That the answers should not have been stricken out.

That where a pleading is not frivolous upon its face and upon inspection the proper practice is to demur to it.

That a motion to strike out a pleading as frivolous is not, in such a case, a substitute for a demurrer.

*Quære,* whether a husband is a proper party to an action of partition in which his wife seized of an interest in the premises, is a party?

APPEALS by the defendants, Virginia H. Mills and James C. Mills, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 14th day of November, 1892, *nunc pro tunc* as of the 5th day of November, 1892, ordering judgment upon the answers of certain defendants, and referring the matter to a referee to take proof of title.

Also an appeal by the defendants, Martin Van Buren Travis and Mary E. Travis, his wife, from the same order, and particularly from that part which overruled the demurrer of Martin Van Buren Travis as frivolous, and directed that the plaintiff have judgment thereon, and upon the answers of the defendants, Mary E. Travis and others, as frivolous, and referring it to a referee to take proof of title.

Also an appeal by the defendants, Mary A. Shearman, and George Shearman, her husband, Caroline C. Bowne and Addison Bowne, her husband, from so much of said order as directed judgment upon their answer as frivolous, and ordered a reference.

The action was brought July 23, 1892, to obtain a partition of certain lands which, under the will of Stephen Allen, were given to his executors in trust to pay the rents, issues and profits thereof to his daughter Mary Ann Hart for life, and passed, upon the death of his daughter Mary Ann Hart, to her children living at her death. Certain of the children of Mary Ann Hart, entitled in remainder after her decease, were married and had husbands living, who were made parties to this action, as were also the heirs of Mary Ann Hart.

In the affidavits used on an application for judgment, it appeared that upon July 22, 1892, Mary E. Travis, a daughter of Mary Ann Hart, began an action for the partition of the same premises in which the parties defendant were the same persons as in this action, except that the husbands of the daughters of Mary Ann Hart were not made parties, and the lessees in possession of the premises were made parties.

*Edward Wells, Jr.*, for the appellant Mills.

*Michael H. Cardozo*, for the appellants Shearman and Bowne.

*Wilson M. Powell*, for the respondent.

O'BRIEN, J.:

This is an action for partition. It comes to the General Term upon an appeal by the defendants, Virginia H. and James C. Mills, Mary E. and M. V. B. Travis, Mary A. and George Shearman and Caroline C. and Addison Bowne, from an order of the Special Term overruling the demurrer of the defendant M. V. B. Travis as frivo-

lous, and ordering judgment upon the answers of other said defendants as frivolous, and ordering the usual reference on title.

Under the will of Stephen Allen, who died in 1852, the title was tied up by a trust for the life of his daughter Mary Ann Hart, upon whose death, on July 21, 1892, the title passed in fee to her children and grandchildren who, with their husbands, were made parties to this action. The complaint, after setting forth the interests of the various parties, alleged, with respect to certain of the appealing defendants, "that they had a tenancy by the curtesy initiate in the share of said premises of which the wife is seized."

To this complaint the defendant Martin Van Buren Travis demurred, upon the ground that as to him it did not state facts sufficient to constitute a cause of action. Upon the authority of *Barnes* v. *Blake* (59 Hun, 371), and *Townsend* v. *Bogert* (126 N. Y., 370), this demurrer was properly overruled as frivolous.

Other defendants who, as above, were stated to be tenants by the curtesy initiate, answered and set up either or both of two separate defenses: (1.) A misjoinder of parties. (2.) The pendency of a prior action for the partition of the same premises sought to be partitioned herein, and including the same parties except the husbands of the tenants in common. To the answers thus interposed a motion was made for judgment upon the same as frivolous, which was granted, and from the order directing judgment on their answers as frivolous these defendants appeal.

We might well dispose of this case by what was said in a *per curiam* opinion delivered by this court in the case of *National Broadway Bank* v. *Swift* (36 N. Y. St. Rep., 998) : "The order appealed from has been argued   *   *   *   precisely the same as though it came before this court upon a demurrer, and the question involved is certainly not so clear in favor of the respondent as to justify the court in striking out the answer as frivolous." In other words, we have frequently called attention to the fact that a motion to strike out a pleading as frivolous is not a substitute for the practice which requires a demurrer to be interposed to a pleading which, upon its face and upon inspection, is not frivolous.

Here the questions, which, upon a motion to strike out a pleading as frivolous, were disposed of by a learned opinion at chambers, are supplemented upon this appeal by a voluminous brief of the respond-

ent, and are presented as though they were raised and disposed of by demurrer. That a demurrer and not a motion was the proper practice is evident when we come to consider the questions involved.

The first to which attention has been called is, whether or not a husband is a proper party defendant in an action involving the partition of property in which his wife is seized of an interest. Reference to the opinion in the case of *Barnes* v. *Blake* (*supra*) will show that this question is by no means settled. And the other case of *Townsend* v. *Bogert* (*supra*) is authority for the practice that, while a demurrer would not lie to the complaint in a partition suit making a husband a party, the question could be raised by answer. In the opinion written in this very case, the learned judge at Special Term places great stress upon the fact that here the husbands might have an interest in the property of their wives, for the reason that, as "the remainder in the property vested in the parties to this action in the year 1852, * * * it might be doubted whether the subsequent statutes affecting the rights of married women would affect the tenancy by the curtesy initiate that had vested prior to the passage of the act;" and we do not say, but correctly, that "the husbands of the owners of the fee were clearly improper parties."

With respect to the second defense, he, in effect, held that the pleading was not sufficiently definite to set forth the defense of a prior action pending, his criticism of the form of the plea being that "none of these answers allege that the prior actions were between the same parties to this action. All that they allege is, that some of the parties to this action were parties to the prior action, and the parties to this action, who were not parties to the prior action, being proper parties to the action for partition, the pendency of the prior action is not a defense in this action." It will thus be seen that stress was again placed upon the point that the husbands were proper parties, and that the form of the plea of a prior action pending was thus defective.

The answers of the different defendants, though dissimilar in phraseology, are substantially the same; and for the purpose of disposing of this question we can refer to this defense of a prior action as pleaded, for illustration, by Shearman and Bowne, which is as follows:

"The said defendants allege that at the time of the commencement of this action there was pending in the Supreme Court, in and for the city and county of New York, another action for the partition or division and sale of the lands and premises described in the complaint in this action, wherein the defendant, Mary E. Travis, is plaintiff, and the plaintiff herein, Caroline A. Middlebrook, was a defendant, and that the other parties named as defendants therein are the defendants in this action; and that, as said defendants are informed and believe, said action, brought by said Mary E. Travis against said Caroline A. Middlebrook and others, was commenced prior to the commencement of this action."

With respect to this answer, assuming the correctness of the criticisms passed upon it by the learned trial judge, viz., that it is defective in not showing that the defendants in this action are named as defendants in the other — which might go to the extent of showing that there was a defect of parties — the fact that there was such defect of parties in the prior action would present a serious question whether this rendered the plea bad. We do not, however, think it is necessary to resolve these questions, but have pointed out the character of the questions presented by the answers of these defendants, which were stricken out upon a motion as frivolous, for the purpose of showing that, instead of having these answers stricken out as frivolous, the proper manner of raising the questions would have been upon a demurrer.

For this reason we think that, while the order appealed from, so far as it overrules the demurrer interposed, should be sustained, the rest of the order appealed from should be reversed, and the motion to strike out the answers as frivolous denied, with costs of motion and of this appeal to the defendants whose answers were thus stricken out and who appealed from the order.

Van Brunt, P. J., and Barrett, J., concurred.

Order sustained, so far as it overrules the demurrer interposed, and reversed as to the remainder; the motion to strike out denied, with costs of motion and of this appeal to the defendants whose answers were thus stricken out and who appealed from the order.