(39 Misc. Rep. 638.)

### ADAMS v. SLINGERLAND et al.

(Supreme Court, Special Term, New York County.  January, 1903.)

1. LIMITATIONS—ACTION AGAINST STOCKHOLDER.

An action against a stockholder of a full liability corporation, organized under Laws 1892, c. 691, § 6, does not fall within the limitation of two years, as prescribed by the stock corporation law (Laws 1892, c. 688, § 55).

2. MISJOINDER OF DEFENDANTS.

The joinder of an excessive number of defendants is not a defense to a cause of action properly pleaded as to an answering defendant.

3. SAME—DEMURRER.

The joinder of an excessive number of defendants is not ground for demurrer to a cause of action properly pleaded as to the answering defendant.

Action by Jed E. Adams against Henry Slingerland and others. Demurrer to separate defenses.  Sustained.

Edward S. Clinch, for plaintiff.
Louis F. Reed, for defendant Slingerland.

BISCHOFF, J.  The question presented is whether an action against a stockholder of a full liability corporation, created under section 6 of the business corporations law (Laws 1892, c. 691), falls within the statutory limitation of two years, as prescribed by section 55 of the stock corporation law (Laws 1892, c. 688).  By the force of section 33 of the general corporation law (Laws 1892, c. 687), provisions of the stock and business corporations laws not in conflict, and which relate to the same matter, may be read together, but any conflict in the provisions of the stock corporation law and the business corporations law must be resolved in favor of the controlling effect of the latter.  Therefore, unless these sections (Stock Corporation Law, § 55; Business Corporations Law, § 6) cover the same subject, and the two-years limitation may be read in harmony with the spirit of section 6 of the business corporations law, that limitation cannot apply to this action.  It is apparent that section 55 of the stock corporation law is in part, at least, in conflict with section 6 of the business corporations law, for the former deals with a liability which depends upon a preliminary action against the corporation, while in the latter the stockholder is liable for the debt, and the necessity of an action against the corporation relates not to the right of action against the stockholder, but merely to the enforcement of judgment against him by execution.  The action against the corporation, under section 6 of the business corporations law, need not be brought to judgment before the stockholder may be sued.  The statute merely suspends the creditor's right to execution against the stockholder until execution has issued and has been returned unsatisfied as against the corporation (Walton v. Coe, 110 N. Y. 109, 17 N. E. 676), whereas, under section 55 of the stock corporation law, a judgment must be obtained against the corporation before any right of action accrues against the stockholder.  It is an

action against the corporation—an incident to this limited liability—which section 55 declares must be brought within two years, and so far the section deals with a subject distinct from the subject treated of by section 6 of the business corporations law. The omission of the two-years limitation from section 6 does not actually result in a conflict between this section and section 55, because the sections do not relate to the same matter, and there is no warrant for applying the limitation of section 55 to the different subjects covered by section 6. So far as the earlier sources of this provision for the two-years limitation are of importance, it may be noted that section 6 of the business corporations law, as it now stands, was in force in the year 1900, and therefore its effect as an independent provision, without resort to the provisions of the stock corporation law, is preserved by section 36 of the general corporation law. I conclude that the limitation set up by the defense demurred to is not applicable to this action.

Another defense demurred to proceeds upon the allegation that there is a misjoinder of parties defendant, in that the plaintiff has joined more than one defendant on an alleged several liability. The joinder of an excessive number of defendants is not a defense to the cause of action properly pleaded as to an answering defendant. It would not be a ground of demurrer (Richtmyer v. Richtmyer, 50 Barb. 55), and while the attempt to sue a number of parties severally liable, in a cause not falling within section 454 of the Code, might be attacked by demurrer for improper joinder of causes of action (Code, § 488, subd. 7), the allegations of this attempted defense afford no ground upon which a judgment of the plaintiff may be resisted.

Demurrer sustained, with costs.