## ADAMS v. WALLACE et al.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. CORPORATIONS—STOCKHOLDER'S LIABILITY—STATUTES—LIMITATIONS.
    The business corporation law, Heydecker's Gen. Laws, p. 3502, c. 41, § 6, provides that every corporation formed thereunder may become a "full liability corporation," and, if it is such, all the stockholders shall be severally and individually liable to its creditors for all its debts, but that no execution shall issue against any stockholder individually until execution against the corporation shall have been returned unsatisfied. Stock

Corporation Law, Heydecker's Gen. Laws, p. 2920, c. 36, § 54, enacts that every holder of capital stock "not fully paid in" shall be personally liable to the amount unpaid by him, and that stockholders shall be jointly and severally liable for all debts due laborers, servants, and employés, but, before a stockholder can be charged for debts due servants, etc., action must be commenced within 30 days after return of execution unsatisfied. Section 55 provides that no action shall be .brought against a stockholder for any debt until judgment has been recovered against the corporation and execution returned unsatisfied,. and that no stockholder shall be personally liable for any debt not payable within two years from the time contracted, nor unless action be brought against the corporation within two years, and that no action shall be brought against a stockholder more than two years after he shall have ceased to be one. General Corporation Law, Heydecker's Gen. Laws, p. 2864, c. 35, § 33, provides that "if in any corporate law there is or shall be any provision in conflict with * * * the stock corporation law, the provision so conflicting shall prevail." *Held* that, while sections 54 and 55 of the stock corporation law conflict in some respects with section 6 of the business corporation law, section 55 of the stock corporation law does not apply merely to section 54, but is a general statute of limitations, and therefore governs a full liability corporation organized under the business corporation law.

Appeal from Special Term, New York County.

Action by Jed E. Adams, Jr., against Latimer A. Wallace and others. From a judgment sustaining a demurrer to the answer of defendant Wallace, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN. and INGRAHAM, JJ.

Thomas Cooper Byrnes, for appellant.

Edward S. Clinch, for respondent.

PATTERSON, J. This appeal is from an interlocutory judgment sustaining a demurrer to defenses set up in the answer of the defendant Wallace. The question in the case is: Does the limitation of time within which an action must be brought, as provided in section 55 of the stock corporation law, apply to a full liability business corporation? There are three statutes affecting this question, and which must be considered in deciding it. They are the general corporation law (chapter 35, p. 2850, Heydecker's Gen. Laws), the stock corporation law (chapter 36, p. 2900, Id.), and the business corporation law (chapter 41, p. 3500, Id.). The defendant Wallace was a stockholder of the Morton Boarding Stables, a business corporation with full liability, created under chapter 691, p. 2042, of the Laws of 1892, known as the "Business Corporation Law." This action was brought against him and other persons, as stockholders of the corporation, to enforce their full liability as such stockholders, the complaint alleging the plaintiff's ownership of promissory notes made by the corporation, their nonpayment and protest at maturity, the bringing of actions upon such notes against the maker, the recovery of judgments thereon, the issuance of an execution on each of the judgments, and the return of such executions unsatisfied. In the defenses to which this demurrer applies, it is set up that the debt or consideration for which the notes in suit were given was contracted by the Morton Boarding Stables prior to the 1st of January, 1898, and became due and payable prior to the 1st of

January, 1900, and that the notes sued on were given and accepted by the plaintiff more than two years after the debt became due and payable, and that the action against the Morton Boarding Stables was brought more than two years after January 1, 1900, the time at which the indebtedness accrued and became due and payable, and no action was commenced for the collection·of such indebtedness within two years.

By section 6 of the business corporation law it is provided that every corporation formed under it may be or become a full liability´corporation, and, if it is such, "all the stockholders of the corporation shall be severally and individually liable to its creditors for all its debts and liabilities and may be joined as defendants in any action against it," and, further, that "no execution shall issue against any stockholder individually until execution has been issued against the corporation and returned unsatisfied, and all the stockholders shall contribute a proportionate share, according to the number of shares of stock owned by each, of the amount paid by any stockholder on a judgment recovered against him individually for a debt of the corporation."

It is provided by section 54 of the stock corporation law that every holder of capital stock not fully paid in in any stock corporation shall be personally liable to its creditors, to an amount equal to the amount unpaid on the stock held by him, for the debts of the corporation contracted while such stock was so held.   By this same section it is provided that every stockholder shall be jointly and severally liable for all debts due and owing to any of the corporation's laborers, servants, and employés, other than contractors, for services performed by them for such corporation; but, before a stockholder can be charged in such an action, 30 days' notice of intention to hold the stockholder liable must be given, and the action commenced within 30 days after the return of an execution unsatisfied against the corporation for a judgment recovered against it for services.

By section 55 of the stock corporation law it is enacted that no action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs, against the stockholder.   No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due, and no action shall be brought against a stockholder, after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder.

By section 2 of the general corporation law corporations are classified, and a stock corporation is declared to be either a moneyed, a transportation, or a business corporation.

By section 33 of the general corporation law it is enacted that "if in any corporate law there is or shall be any provision in conflict with any of the provisions of this chapter or of the stock corporation law, the provision so conflicting shall prevail, and the provision of

this chapter or of the stock corporation law with which it conflicts shall not apply in such a case."

It is thus seen that by section 54 of the stock corporation law the liability of a stockholder in a stock corporation, the capital of which is not fully paid in, is a personal one, to a certain amount and for debts contracted while such stockholder holds his shares, with an absolute liability to laborers, servants, and employés, under a special limitation of time within which suit must be brought by such laborers, servants and employés. By section 6 of the business corporation law, all the stockholders of a full liability corporation are severally and individually liable to its creditors for all its debts. These sections of the two statutes are in one respect in conflict. The liability of a stockholder created by each of those sections is of a different character. Section 55 of the stock corporation law also conflicts with section 6 of the business corporation law. The former relates to the liability of a stockholder based upon a prior action pursued to judgment against a corporation; but, by section 6 of the business corporation law, the stockholder is made directly liable for debts. An action against the corporation is not required as a prerequisite to the institution of a suit against the stockholder. The provision relates only to the enforcement of a judgment by execution. Under section 6 of the business corporation law, a stockholder may be sued before an action against the corporation is carried on to judgment, the creditor's right to execution being suspended until that process has been returned unsatisfied against the corporation. Walton v. Coe, 110 N. Y. 109, 17 N. E. 676.

There is, therefore, so far as the basis of liability is concerned, a radical difference and conflict in the sections considered of the two statutes; but section 55 of the stock corporation law is a statute of limitations. So far as that feature is concerned, there is no conflict between that section 55 of the stock corporation law and section 6 of the business corporation law, for the latter law contains no provision in the nature of a limitation, except as to laborers, etc. If the provisions of section 55 of the stock corporation law are to be construed as relating only to the liability declared in section 54 of that act, that is, of stockholders in corporations the capital of which has not been fully paid in, then the argument is at an end. But we can find nothing in section 55 which limits the liability of a stockholder in a stock corporation simply to corporations the particular situation of which, as to the condition of capital, is referred to in section 54. Section 55 seems to be a general provision relating to the liability of stockholders in all stock corporations. The use of the article "the" in that fifty-fifth section does not necessarily confine its provisions to a corporation such as is mentioned in section 54. The provision of section 55 stands as an independent one, so far as the limitation of time within which actions must be brought is concerned. The difference in nature of the liability created by the two statutes and the procedure thereunder must be conceded. The fifty-fourth section, as we have seen, not only relates to the liability of stockholders in corporations the capital of which has not been fully paid in, but it also imposes an absolute liability upon stockholders of

every stock corporation for debts due to laborers, servants, and employés, other than contractors, and prescribes the conditions under which such stockholders shall be held liable to such laborers, etc., and enacts a special statute of limitations as to such actions. This consideration would of itself seem to separate the fifty-fifth section from the fifty-fourth, and shows that the latter section was not intended to be confined in its scope and operation to corporations mentioned in the former section, for one branch of that former section relates merely to a qualified liability of stockholders in one specified contingency, while the other branch of it relates to the absolute liability of all stockholders, jointly and severally, in every stock corporation, for a certain class or kind of indebtedness.

This view is re-enforced by looking at the statutes which preceded the revision resulting in the enactment of the General Laws. It is well known that, prior to this revision and the passage in 1890 of the three statutes above mentioned, there was much confusion in the legislation of the state respecting the liability of stockholders and directors in corporations; but there existed prior to that year a statute (chapter 611, p. 755, of the Laws of 1875) which was entitled "An act to provide for the organization and regulation of certain business corporations." By section 33, p. 763, of that act, corporations organized under it were divided into two classes, namely, full liability companies and limited liability companies. By section 34, p. 763, it was enacted that, in full liability companies, all the stockholders shall be severally and individually liable to the creditors of the company in which they are stockholders for all debts and liabilities of such company, and may be joined as defendants in any action against the company. That is precisely the same liability which might be enforced in the same form as in section 6 of the present business corporation law. Section 34, c. 611, p. 763, of the act of 1875, also contains substantially the same provision as to the issuing of an execution against a stockholder as is contained in section 6 of the present business corporation law. Section 25, c. 611, p. 761, of the act of 1875, contains the provision that no stockholder shall be personally liable for the payment of any debt contracted by any corporation formed under that act which is not to be paid within two years from the time the debt was contracted, nor unless an action for the collection of such debt shall be brought against such corporation within two years after the debt shall become due, and no action shall be brought against any stockholder who shall cease to be a stockholder in any such corporation for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such corporation. That is, in substance, a provision identical with that contained in section 55 of the present stock corporation law. In the act of 1875 it was an independent provision. In the stock corporation law it stands also as such, and appears to be merely a transfer from one statute to the other of a provision originally relating to the limitation of a stockholder's liability in corporations organized under laws providing for the creation of certain business corporations. By chapter 567, p. 1167, of the Laws of 1890 (being chapter 41 of Heydecker's Gen. Laws), the business corporations law was remodeled, but section 25,

c. 611, p. 761, of the Laws of 1875, was not repealed.   Sections 1, 3, 6, 7, 8, 9, and 30 to 39, both inclusive, were alone repealed.   In the fifty-eighth section of the stock corporation law (chapter 564, p. 1079, of the Laws of 1890) is incorporated the provision as to the liability of stockholders in a stock corporation contained in section 25, c. 611, p. 761, of the Laws of 1875, and it is re-enacted as section 55, c. 688, p. 1841, of the stock corporation law of 1892.   In the revision of the corporation laws it appears to have been the purpose to include in the general corporation law provisions which would apply to corporations generally; in the stock corporation law, provisions that relate to or affect all stock corporations; and in the business corporation law, particular provisions that would affect that class of corporations.   But the statute of limitations contained in the fifty-fifth section of the stock corporation law we conceive to be a general provision, which would affect full liability corporations, among others.

We are therefore of the opinion that the demurrer was improperly sustained, and that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs.   All concur.