JED E. ADAMS, JR., Respondent, *v.* LATIMER A. WALLACE, Appellant, Impleaded with BENJAMIN T. RHOADS, JR., and Others.

*Application of the Statute of Limitations in section 55 of the Stock Corporation Law to the liability of stockholders in business corporations — order of bringing suits and issuing executions against the corporation and its stockholders respectively.*

The Statute of Limitations contained in section 55 of the Stock Corporation Law is not confined to actions brought under section 54 of the Stock Corporation Law to enforce the liability of stockholders in corporations, the capital of which has not been fully paid in, but is a general provision relating to the lia-

bility of stockholders in all stock corporations and applies to an action brought under section 6 of the Business Corporations Law (Laws of 1892, chap. 691) to enforce the liability of a stockholder in a full liability business corporation. *Semble*, that, under section 6 of the Business Corporations Law, an action against the corporation is not a prerequisite to the institution of a suit against a stockholder thereof, but, if the suit against the stockholder is brought prior to the institution of a suit against the corporation, the creditor's right to issue execution upon a judgment obtained in the action against the stockholder is suspended until an execution upon a judgment against the corporation has been returned unsatisfied.

APPEAL by the defendant, Latimer A. Wallace, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of November, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to certain defenses contained in the said defendant's answer.

*Thomas Cooper Byrnes,* for the appellant.

*Edward S. Clinch,* for the respondent.

PATTERSON, J.:

This appeal is from an interlocutory judgment sustaining a demurrer to defenses set up in the answer of the defendant Wallace. The question in the case is: Does the limitation of time within which an action must be brought, as provided in section 55 of the Stock Corporation Law of 1892, apply to a full liability business corporation? There are three statutes affecting this question, and which must be considered in deciding it. They are, the General Corporation Law (General Laws, chap. 35), the Stock Corporation Law (General Laws, chap. 36) and the Business Corporations Law (General Laws, chap. 41). The defendant Wallace was a stockholder of the Morton Boarding Stables, a business corporation, with full liability, created under chapter 691 of the Laws of 1892, known as the Business Corporations Law. This action was brought against him and other persons, as stockholders of the corporation, to enforce their full liability as such stockholders, the complaint alleging the plaintiff's ownership of promissory notes made by the corporation, their non-payment and protest at maturity, the bringing of actions upon such notes

against the maker, the recovery of judgments thereon, the issuance of an execution on each of the judgments and the return of such executions unsatisfied. In the defenses to which this demurrer applies it is set up that the debt or consideration for which the notes in suit were given was contracted by the Morton Boarding Stables prior to the 1st of January, 1898, and became due and payable prior to the 1st of January, 1900, and that the notes sued on were given and accepted by the plaintiff more than two years after the debt became due and payable, and that the action against the Morton Boarding Stables was brought more than two years after January 1, 1900, the time at which the indebtedness accrued and became due and payable, and no action was commenced for the collection of such indebtedness within two years.

By section 6 of the Business Corporations Law it is provided that every corporation formed under it may be or become a full liability corporation, and, if it is such, "all the stockholders of the corporation shall be severally individually liable to its creditors for all its debts and liabilities and may be joined as defendants in any action against it," and, further, that "no execution shall issue against any stockholder individually until execution has been issued against the corporation and returned unsatisfied, and all the stockholders shall contribute a proportionate share, according to the number of shares of stock owned by each, of the amount paid by any stockholder on a judgment recovered against him individually for a debt of the corporation."

It is provided by section 54 of the Stock Corporation Law that every holder of capital stock not fully paid in any stock corporation shall be personally liable to its creditors to an amount equal to the amount unpaid on the stock held by him for the debts of the corporation contracted while such stock was so held. By this same section it is provided that every stockholder shall be jointly and severally liable for all debts due and owing to any of the corporation's laborers, servants and employees, other than contractors, for services performed by them for such corporation; but before a stockholder can be charged in such an action, upon notice of intention to hold the stockholder liable must be given in writing within thirty days after the termination of such services and the action commenced within thirty days after the return of an execution

unsatisfied against the corporation upon a judgment recovered against it for services.

By section 55 of the Stock Corporation Law it is enacted that no action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs, against the stockholder. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due, and no action shall be brought against a stockholder after he shall have ceased to be a stockholder for any debt of the corporation unless brought within two years from the time he shall have ceased to be a stockholder.

By section 2 of the General Corporation Law corporations are classified, and a stock corporation is declared to be either a moneyed, a transportation or a business corporation.

By section 33 of the General Corporation Law it is enacted that " if in any corporate law there is or shall be any provision in conflict with any provisions of this chapter or of the Stock Corporation Law, the provisions so conflicting shall prevail, and the provision of this chapter or of the Stock Corporation Law with which it conflicts shall not apply in such a case."

It is thus seen that by section 54 of the Stock Corporation Law the liability of a stockholder in a stock corporation, the capital of which is not fully paid in, is a personal one, to a certain amount and for debts contracted while such stockholder holds his shares, with an absolute liability to laborers, servants and employees, under a special limitation of time within which suit must be brought by such laborers, servants and employees. By section 6 of the Business Corporations Law all the stockholders of a full liability corporation are severally and individually liable to its creditors for all its debts. These sections of the two statutes are in one respect in conflict. The liability of a stockholder created by each of those sections is of a different character. Section 55 of the Stock Corporation Law also conflicts with section 6 of the Business Corporations Law.

The former relates to the liability of a stockholder based upon a prior action pursued to judgment against a corporation; but by section 6 of the Business Corporations Law, the stockholder is made directly liable for debts. An action against the corporation is not required as a prerequisite to the institution of a suit against the stockholder. The provision relates only to the enforcement of a judgment by execution. Under section 6 of the Business Corporations Law, a stockholder may be sued before an action against the corporation is carried on to judgment, the creditor's right to execution being suspended until that process has been returned unsatisfied against the corporation. (*Walton* v. *Coe*, 110 N. Y. 109.)

There is, therefore, so far as the basis of liability is concerned, a radical difference and conflict in the sections considered of the two statutes; but section 55 of the Stock Corporation Law is a statute of limitations. So far as that feature is concerned, there is no conflict between section 55 of the Stock Corporation Law and section 6 of the Business Corporations Law, for the latter law contains no provision in the nature of a limitation. If the provisions of section 55 of the Stock Corporation Law are to be construed as relating only to the liability declared in section 54 of that act, that is, of stockholders in corporations the capital of which has not been fully paid in, then the argument is at an end. But we can find nothing in section 55 which limits the liability of a stockholder in a stock corporation simply to corporations the particular situation of which as to the condition of capital is referred to in section 54. Section 55 seems to be a general provision relating to the liability of stockholders in all stock corporations. The use of the article " the " in section 55 does not necessarily confine its provisions to a corporation such as is mentioned in section 54. The provision of section 55 stands as an independent one, so far as the limitation of time within which actions must be brought is concerned. The difference in the nature of the liability created by the two statutes and the procedure thereunder must be conceded. The 54th section of the Stock Corporation Law (as amd. by Laws of 1901, chap. 354) as we have seen, not only relates to the liability of stockholders in corporations the capital of which has not been fully paid in, but it also imposes an absolute liability upon stockholders of every stock corporation for debts due to laborers, servants or

employees, other than contractors, and prescribes the conditions under which such stockholders shall be held liable to such laborers, etc., and enacts a special statute of limitations as to such actions. This consideration would of itself seem to separate the 55th section from the 54th, and shows that the former section was not intended to be confined in its scope and operation to corporations mentioned in the latter section, for one branch of that latter section relates merely to a qualified liability of stockholders in one specified contingency, while the other branch of it relates to the absolute liability of all stockholders, jointly and severally, in *every* stock corporation for a certain class or kind of indebtedness.

This view is reinforced by looking at the statutes which preceded the revision resulting in the enactment of the general laws. It is well known that prior to this revision and the passage in 1890 of the three statutes above mentioned, there was much confusion in the legislation of the State respecting the liability of stockholders and directors in corporations, but there existed prior to that year a statute (Laws of 1875, chap. 611) which was entitled "An act to provide for the organization and regulation of certain business corporations." By section 33 of that act corporations organized under it were divided into two classes, namely, full liability companies and limited liability companies. By section 34 it was enacted that in full liability companies all the stockholders shall be severally individually liable to the creditors of the company in which they are stockholders for all debts and liabilities of such company and may be joined as defendants in any action against the company. That is precisely the same liability which might be enforced in the same form as in section 6 of the present Business Corporations Law. Section 34 of chapter 611 of the act of 1875 also contains substantially the same provision as to the issuing of an execution against a stockholder as is contained in section 6 of the present Business Corporations Law. Section 25 of chapter 611 of the act of 1875 contains the provision that no stockholder shall be personally liable for the payment of any debt contracted by any corporation formed under that act which is not to be paid within two years from the time the debt is contracted, nor unless an action for the collection of such debt shall be brought against such corporation within two years after the debt shall become due, and no action shall be brought

against any stockholder who shall cease to be a stockholder in any such corporation for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such corporation. That is, in substance, a provision identical with that contained in section 55 of the present Stock Corporation Law. In the act of 1875 it was an independent provision. In the Stock Corporation Law it stands also as such and appears to be merely a transfer from one statute to the other of a provision originally relating to the limitation of a stockholder's liability in corporations organized under laws providing for the creation of certain business corporations. By chapter 567 of the Laws of 1890 (being chapter 41 of the General Laws) the Business Corporations Law was remodeled, but section 25 of chapter 611 of the Laws of 1875 was not repealed. Sections 1, 3, 6, 7, 8, 9 and 30 to 39, both inclusive, were alone repealed. In the 58th section of the Stock Corporation Law (Laws of 1890, chap. 564) is incorporated the provision as to the liability of stockholders in a stock corporation contained in section 25 of chapter 611 of the Laws of 1875, and it is re-enacted as section 55 of the Stock Corporation Law of 1892, and all of chapter 611 of the Laws of 1875 was repealed by the General Corporation Law of 1892 (Laws of 1892, chap. 687, § 34). In the revision of the corporation laws it appears to have been the purpose to include in the General Corporation Law provisions which would apply to corporations generally; in the Stock Corporation Law, provisions that relate to or affect all stock corporations; and in the Business Corporations Law, particular provisions that would affect that class of corporations. But the statute of limitations contained in the 55th section of the Stock Corporation Law, we conceive to be a general provision which would affect full liability business corporations, among others.

We are, therefore, of the opinion that the demurrer was improperly sustained, and that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs.