(87 App. Div. 312.)

### ADAMS v. SLINGERLAND et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. CORPORATIONS—DEBTS—LIABILITIES OF STOCKHOLDERS—CONDITIONS PRECEDENT—ACTION AGAINST CORPORATION.

Business Corporation Law, § 6 (Laws 1892, p. 2044, c. 691), provides that all stockholders of a corporation shall be severally and individually liable to its creditors for all its debts and liabilities; and Stock Corporation Law, § 55 (Laws 1892, p. 1841, c. 688), declares that no action shall be brought to enforce the liability of a stockholder for the debts of the corporation unless an action to collect the indebtedness shall have been brought against the corporation within two years after the debt accrued. *Held*, that the latter section applied to business corporations, and made the bringing of an action against such corporations within the time specified a condition precedent to the maintenance of an action against the stockholders to enforce the same.

2. SAME—PLEADING—DEMURRER—PARTIES DEFENDANT—MISJOINDER.

Under Code Civ. Proc. § 488, providing that defendant may demur to the complaint on the ground that there is a defect of parties plaintiff or defendant, a demurrer will not lie for misjoinder of parties defendant.

3. SAME—ANSWER.

Since a misjoinder of parties defendant is not new matter, it cannot be taken advantage of by answer, under Code Civ. Proc. § 500, providing that defendant's answer must contain a general or specific denial and a statement of any new matter constituting a defense or counterclaim.

Appeal from Special Term, New York County.

Action by Jed E. Adams, Jr., against Henry Slingerland, impleaded with others. From a judgment sustaining a demurrer to certain

¶ 2. See Parties, vol. 37, Cent. Dig. § 151.

defenses in the answer of defendant Slingerland (80 N. Y. Supp. 635), he appeals. Modified.

Argued before VAN BRUNT, P. J., and LAUGHLIN, PATTERSON, O'BRIEN, and HATCH, JJ.

Louis F. Reed, for appellant.

Edward S. Clinch, for respondent.

LAUGHLIN, J. The plaintiff is a creditor of the Morton Boarding Stables, a full liability business corporation, and he brings this action against the stockholders to enforce the liability imposed by section 6 of the business corporation law (chapter 691, p. 2044, Laws 1892), which provides as follows: "All the stockholders of the corporation shall be severally individually liable to its creditors for all its debts and liabilities." In the complaint six causes of action are separately pleaded. The answer sets up separately as a defense to each that no action for the collection of the debt was brought against the corporation within two years after it became due. The plaintiff demurred to these defenses upon the ground that they were insufficient in law, and the demurrer has been sustained.

The appellant contends that the liability of the stockholders of a business corporation imposed by section 6 of the business corporation law is modified and restricted by the latter part of section 55 of the stock corporation law (chapter 688, p. 1841, Laws 1892), which declares that no action shall be brought to enforce the liability of a stockholder for the debts of the corporation unless an action to collect the indebtedness shall have been brought against the corporation within two years after the debt became due. This contention is upheld by our decision in Adams v. Wallace, 82 App. Div. 117, 81 N. Y. Supp. 848, made since the decision at Special Term in the case at bar. We regard that decision as controlling, and, without examining the question anew, it requires a reversal.

The answer also sets up as a defense to each of the causes of action that there is a misjoinder of parties defendant, that the defendants cannot be sued jointly, and that plaintiff has joined more than one defendant on a several liability. The plaintiff also demurred to this part of the answer, and the demurrer was sustained. The facts upon which this objection is based appear upon the face of the complaint. The substance of the objection is that there is a misjoinder of parties defendant; but this would not be a ground of demurrer (Code Civ. Proc. § 488; Hall v. Gilman, 77 App. Div. 458, 79 N. Y. Supp. 303; Barnes v. Blake [Sup.] 13 N. Y. Supp. 77), nor is it new matter, and therefore it does not constitute a defense which may be interposed by answer (Code Civ. Proc. § 500). It is not apparent how one defendant who is liable on a cause of action is prejudiced by having another defendant, also liable severally, joined with him; but the precise question for decision is whether it is a defense that may be interposed by answer; and, being of the opinion that it is not, it becomes unnecessary for us to decide whether there is authority for joining defendants, who are severally liable in an action at law, or whether the question might have been properly raised in any other manner.

It follows, therefore, that the interlocutory judgment, in so far as it sustains the demurrer to the fourth clause or subdivision of the answer to each of the six several causes of action, should be reversed, and the demurrer to that extent overruled, and in other respects the interlocutory judgment should be affirmed, with leave to defendants to amend answer within 20 days.   No costs to either party as against the other.   All concur.