## FOLSOM'S EXECUTORS *v.* SCOTT *et al.*

The admission of secondary evidence of a paper alleged to have been lost, is only allowable on proof of a *bona fide*, diligent search, unsuccessfully made for it in the place where it was most likely to be found, and that the party has exhausted in a reasonable degree all the sources of information and means of discovery naturally suggested by the nature of the case, and accessible to the party.

Mere evidence of search is not sufficient, for the search may not have been diligent.

Evidence that the library and papers of the party were destroyed by fire, except a few papers, accompanied by evidence of search for the particular paper, is insufficient, for the paper in question may be one of those saved from the fire.

APPEAL from the District Court of the Fourth Judicial District.

This was an action of ejectment for a lot in San Francisco, commenced by Joseph L. Folsom, and continued after his death by his executors. On the trial, the plaintiffs, as a predicate for the introduction of parol testimony as to the contents of the original alcalde grant for the lot to Leidesdorff, under which plaintiffs claimed title, proved by C. V. Gillespie, the existence of the grant in 1848, and that it was then in Folsom's possession; plaintiffs then called P.W.Van Winkle, one of the plaintiffs, who testified that he, as executor of Folsom, had searched for the grant among the papers of Folsom, since his death, but could not find it. Plaintiffs then called A. C. Peachy, who testified that he was one of the law firm of Halleck, Peachy & Billings, who were the attorneys of Folsom during his lifetime, and that their library and papers were burned in the fire of May 3d, 1851, except a few which were preserved in a safe; and that Folsom generally kept his own papers, and that witness could not say that the grant in question was one of those burnt. Plaintiffs also read in evidence the affidavit of Folsom made after the commencement of this action, to the effect that he had left the grant with his attorneys, Halleck, Peachy & Billings, in May, 1851, and had never received it from them, and that to the best of his knowledge and belief they had never parted with it, and that it was burnt.

The Court below allowed secondary evidence to be given of the contents of the grant, under the exception of the defendants, and this is the first assignment of error. Judgment was rendered in the Court below for plaintiffs. Defendants moved for a new trial, which was overruled, and defendants appealed.

*J. B. Townsend* for Appellants.

The Court below erred in admitting secondary evidence of said grant to Leidesdorff.

No sufficient foundation therefor was laid. Hyde swears that he delivered said grant to Leidesdorff. Gillespie saw it in the summer of 1848, in the hands of Folsom. Folsom swears he had, prior to the 4th day of May, 1851, delivered it to his attorneys, Halleck, Peachy & Bil-

lings, for safe keeping, and that it had not prior to that time, to his knowledge or belief, passed out of their possession. Peachy swears that the fire of May 3d, 1851, burned the library of said Halleck, Peachy & Billings, and their papers, except a few which were preserved in a safe, but he "could not say that said grant was among the papers which were burned; nor does he, or any person, swear that it was ever kept in their office, much less if kept there, that it was not at the time of the fire in the safe, where valuable papers left with them for safe keeping, would naturally be kept. Neither Halleck, Peachy or Billings, nor any other person, proves that he has ever examined the papers which were preserved in the safe, and that it was not among them. Clearly to establish the destruction of this paper, it should at least have been proved, that it was kept in the office at the time of the fire, and that it was not among the papers which were preserved. See McCann *v.* Beach, 2 Cal. R., 25. The search among Folsom's papers by Van Winkle, one of the executors, amounted to nothing, inasmuch as it did not appear that said paper had ever been returned to said Folsom after being delivered to his said attorneys.

The belief of said Folsom that said grant was destroyed by said fire, amounts to nothing, so long as neither he nor any other person, swears to facts sufficient to establish such destruction. Folsom might believe it destroyed, and yet a search among the papers which were preserved in the safe, might show it still in existence. No excuse for not having made such search was shown, unless it be that said paper was not kept in the office at the time of the fire, and that therefore, such search would have been useless.

*Williams, Shafter & Park* for Respondents.

To lay the foundation for the introduction of secondary evidence, it is never necessary to prove that all means of discovering the paper have been absolutely exhausted, but only that they have been "exhausted in a reasonable degree." G. Ev., 1, § 558. And this is a preliminary inquiry addressed to the discretion of the Judge. G. Ev., 1, § 558. And a mistake in the exercise of that discretion cannot be assigned for error. 7 Vt., 92—Adm. of James *v.* Martin.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Justice TERRY concurred.

Upon the first assignment of error, the judgment must be reversed.

The rule laid down in Greenleaf on Evidence as to the predicate for the admission of secondary evidence of a lost paper, requires "that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found;" and further, "the party is expected to show that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him.

It appears from the evidence in the record that the deed, whose loss

was supplied by secondary evidence, was most likely to have been either among the papers of Folsom in the hands of his executors, or among those of his attorneys to whose custody it appears by an affidavit made by him in his lifetime, he consigned it.

Van Winkle, one of the executors of Folsom, testifies that he searched among Folsom's papers for it, and did not find it. This was insufficient. He should have sworn to a *bona fide* and diligent search. He may have made a careless and indifferent one, and yet his statement would be true.

Peachy, one of the attorneys to whom Folsom's affidavit says the deed was delivered, testifies that in the fire of 1851, his library and papers were consumed by fire, except a few papers "which were preserved in a safe." It is not pretended that any search was made among the papers thus preserved for the missing deed, and yet it is apparent that the safe was the most likely place where a paper so valuable would be kept; and further, there is no statement that it was not kept in the safe. We have had occasion to decide the same principle as is involved here, in McCann *v.* Beach, 2 Cal. R., and in other subsequent and unpublished cases.

Judgment reversed and cause remanded.