## CASTRO v. WETMORE.

WHERE, in an action on a lost note, a verified complaint alleges, that on a particular day the note in question was made by defendant and delivered to plaintiff, an answer denying the making and delivery of the note on the day mentioned is insufficient. Such denial does not reach the substantial matter of the averment, and only raises an immaterial issue as to time.

Distinction between proof of allegations of matter of substance and allegations of matter of description, stated.

Where, in an action on a lost note, the complaint verified alleges the loss, stating particularly the circumstances thereof, an answer denying that the note was lost, as alleged, does not put in issue the fact of loss, which is the gist of the averment, but only the circumstances of the loss, which are collateral and immaterial.

APPEAL from the Seventh District.

The averment in the complaint, as to the execution of the note is, " That on the fourteenth day of November, 1854, at, etc. * * the said defendant made his promissory note in writing, whereby at the date thereof, he promised to pay to the plaintiff the sum of $1,500, for value received, and then and there delivered the same to plaintiff." The answer denies this in hæc verba, with the addition, " as alleged and averred in said complaint."

The averment as to the loss of the note is : " That some time during the month of August or September, 1856, at or near Union City, in the State of California, he either lost the said promissory note, or the same was stolen from him ; that he kept the said note in a small pocket-book, usually called a 'port monnaie,' which he carried with him in his pocket; that said pocket-book, together with said note, was either accidentally lost by him, or the same was stolen from him at the time and place aforesaid." The answer denies " That the said plaintiff has lost or had stolen from him the promissory note mentioned and described in the said complaint, as therein alleged and averred."

The averment, as to the tender of an indemnity, was, in substance, that plaintiff had tendered a good and sufficient bond, etc.; informing defendant at the time, that if he had any objection to the bond, plaintiff would furnish one entirely satisfactory. The denial is of any information or belief as to the sufficiency of the bond or the sureties, etc.

Plaintiff had judgment. Defendant appeals.

Castro *v.* Wetmore.

*John Currey,* for Appellant.

*Heydenfeldt,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring

This is an action upon a lost note, and the complaint contains a statement of all the facts necessary to entitle the plaintiff to recover. The pleadings are verified, and the material allegations of the compaint are not denied by the answer.

1. The complaint alleges, that on a particular day the note in question was made by the defendant, and delivered to the plaintiff. The answer denies the making and delivery of the note on the day mentioned in the complaint. This is clearly no denial of the substantial matter of the averment, and its only effect is to raise an immaterial issue as to time. The allegation is of a matter of substance, and did not require to be literally proved. A denial in the words of the allegation is, therefore, insufficient. "A distinction," says Phillips, "is now fully established between allegations of matter of substance and allegations of matter of description. The former require to be substantially proved, the latter must be literally proved. Thus, if the declaration states, that on such a day the defendant drew a bill of exchange, without alleging that it bore date on that day, the day in the declaration is immaterial. But, if it be alleged that the defendant made his bill of exchange bearing date on a particular day, and the date of the bill is different, it will be a substantial variance." (5 Phil. on Ev. 2.)

2. The complaint alleges the loss of the note, stating particularly the circumstances of such loss. The answer denies that the note was lost, as alleged in the complaint. This denial does not put in issue the fact of the loss, but the circumstances under which the loss is alleged to have occurred. The loss is the gist of the averment, and the circumstances are collateral and immaterial.

3. The complaint alleges the tender of a bond of indemnity, and a demand of payment; neither of which allegations is denied by the answer. The averments in relation to the bond are similar to those in the case of *Price* v. *Dunlap* (5 Cal. 483).

We think the judgment correct, and that it should be affirmed.

Ordered accordingly.