Caulfield v. Sanders.

## CAULFIELD v. SANDERS.

IN this case, the answer denied the allegations of indebtedness as to time, amount, and work in the very words of the complaint: *Held*, that the answer raised an immaterial issue upon these particulars, instead of meeting the substantial matter averred.

Where the action is upon an account, and defendant in his answer avers, in the form of reasons for refusing payment when the account was presented to him before suit, that the principal portion was composed of items for printing done for clients, for which he never became personally bound; and that the portion for which he was personally liable "has, to the best of his knowledge and belief," been paid and satisfied; and therefore he pleads payment of the same: *Held*, that this is in substance a denial of indebtedness for a portion of the account, and a plea of payment for the balance; and that it is in effect an admission as to that balance of an original liability, and throws the burden of establishing payment upon the defendant.

To suit on an account, defendant averred that "each and every item of said account prior to the tenth day of March, 1859, is barred by time; and he pleads and

37

relies upon the statute of the State of California entitled 'An Act defining the time of commencing civil actions,' approved April 22d, 1850, in bar of any recovery in said action :" *Held,* that this plea is fatally defective, because an averment of a conclusion of law; that a plea of the Statute of Limitations must aver the facts which bring the demand within the operation of the statute—as that the alleged cause of action has not accrued within certain designated years previous to filing the complaint.

No defense to an action on account assigned to plaintiff, that the account was not assigned to plaintiff until after the time alleged in the complaint, or that it was assigned for a nominal consideration by one of two partners without consulting his copartners. These matters do not affect defendant's liability.

In suit by the assignee of a book account, the assignor is a competent witness to prove to the Court the loss of the book of original entries, as preliminary to the introduction of secondary evidence of its contents.

Assignors of unliquidated demands are not placed, with reference to incidental matters auxiliary to the trial of a cause, in any worse position than the parties to the record.

The proof in this case of the loss of the book of original entries was not sufficient to let in secondary evidence of its contents, because such proof did not show who last had possession of the book, or any *bona fide* and diligent search for it.

In suit against an attorney, for printing advertisements, plaintiff having proved the loss of the "advertising book"—that is, the book of original entries : *Held,* that the ledger to which these entries were transferred was admissible, in connection with the newspaper containing the advertisements, to show what items were for matters in which defendant acted as attorney simply, and what items were for matters in which he was personally interested—the point under the pleadings being, what items in the advertisements were for the attorney personally, and not for his clients.

APPEAL from the Sixth District.

To the facts stated in the opinion of the Court add, that on the trial, plaintiff offered as a witness B. B. Redding, one of the firm of B. B. Redding & Co., the assignors of the account sued on, to prove the loss of the book of original entries, from which part of the account was taken. Defendants objected that he was incompetent, because such assignor. Overruled, defendants excepting. Plaintiff had verdict and judgment for a portion of his demand, stated by the Court. Complaint filed March 10th, 1859. Defendant appeals.

*L. Sanders, Jr.,* for Appellant.

*Coffroth & Waters,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The complaint in this action alleges that on the eleventh of June, 1858, the defendant was indebted to the firm of B. B. Redding & Co., of Sacramento, in the sum of $326.15 for printing and advertising done by them at his request, between that date and the eleventh of August, 1856 ; that he has often promised to pay the same, but has hitherto failed to do so, and that in December, 1858, the demand was assigned for a valuable consideration to the plaintiff.    The demurrer interposed was frivolous, and was very properly overruled.    The answer contains several distinct matters which are set up as separate defenses.    In the first place the defendant denies the allegations of indebtedness as to time, amount, and work in the very words of the complaint, thus raising an immaterial issue upon those particulars, instead of meeting the substantial matter averred. (*Castro* v. *Wetmore*, 16 Cal. 379.)    In the second place the defendant avers, in the form of reasons for refusing payment when the account was presented to him before suit, that the principal portion is composed of items for printing done for clients, for which he never became personally bound, and that the portion for which he was personally liable " has, to the best of his knowledge and belief," been paid and satisfied, and therefore he " pleads payment of the same."    This is in substance a denial of indebtedness for a portion of the account, and a plea of payment for the balance.    It is in effect an admission as to that balance of an original liability, and throws the burden of establishing the payment upon the defendant. In the third place, the defendant avers that " each and every item of said account prior to the tenth day of March, 1859, is barred by time, and he pleads and relies upon the statute of the State of California, entitled ' an Act defining the time of commencing civil actions,' approved April 22d, 1850, in bar of any recovery in said action."    This is fatally defective as a plea of the Statute of Limitations.    It is only an averment of a conclusion of law.    To be available, the plea must aver the facts which bring the demand within the operation of the statute—as that the alleged cause of action has not accrued within certain designated years previous to,

the filing of the complaint. In the fourth place, the defendant avers that he has reason to believe that the account was not transferred to the plaintiff until February, 1859, and that the transfer was procured from Redding alone, without consultation with his partners, and for a mere nominal consideration. If the matters thus stated were true in fact, they would constitute no defense to the action. It is of no consequence to the defendant, as it in no respect affects his liability, whether the transfer was made at one time or another, or with or without consideration, or by one or by all the members of the firm.

The case then, on the pleadings, rests entirely upon the second defense set up, that is, upon the denial of a portion of the account, and the plea of payment as to the balance. The issue thus formed cast upon the plaintiff the necessity of separating the different charges, and of establishing a liability as to those items which were incurred for clients of the defendant, and cast upon the defendant the necessity of proving a payment of the balance. No question was made as to the prices charged, and the evidence proved that they were reasonable.

On the trial the plaintiff produced a file of the newspaper in which the advertising was done, and the ledger kept by the firm of B. B. Redding & Co., in which the charges were entered against the defendant; and proved that the ledger embraced the accounts of the firm ; that the entries were transferred from the advertising book, which was regarded as the book of original entries of the concern, and that it " had been mislaid and could not be found." The account from the ledger was therefore admitted, and the several items therein charged corresponded with the advertisements in the files of the newspaper. Some of the advertisements appeared to be of matters in which the defendant was personally interested, and others were of matters in which he acted solely as an attorney or counselor, and the Court instructed the jury to the effect that the items read from the newspaper, to which the name of the defendant appeared, whether as agent, trustee or otherwise, taken in connection with the evidence from the books, was sufficient to charge him, and they must find accordingly ; but as to the items for matters in which he had acted only as attorney or counselor, the evi-

Caulfield *v.* Sanders.

dence was insufficient. No objection was taken to this instruction, and the jury found only for the amount of the first named items.

The testimony offered was subject to objections, but not to those specifically taken. Redding was a competent witness to prove the loss of the " advertising book," though one of the assignors of the demand. The evidence was upon a preliminary matter, and the statute which excludes the testimony of assignors of unliquidated demands has no application. It was addressed solely to the Court and did not affect the matter in issue. Assignors are not placed with reference to incidental matters, auxiliary to the trial of a cause, in any worse position than that of parties to the record. (See *Bagley* v. *Eaton*, 10 Cal. 146, and *Landis* v. *Turner*, 14 Cal. 575.)

The proof of the loss of the " advertising book "—the book of original entries—was not sufficiently full to authorize secondary evidence of its contents ; it did not show who last had possession of the book, or any *bona fide* and diligent search for it ; but no objection was taken on this ground. (See *Folsom's Executors* v. *Scott et al.* 6 Cal. 460.) The evidence of its loss being received without objection as sufficient, the ledger to which the entries were transferred was properly admissible, in connection with the advertisements in the newspaper, to show what items were for matters in which the defendant acted as attorney, and what items were for matters in which he was personally interested. The entries in the ledger show the particular items constituting the demand in suit ; the newspaper, the subject matter of the advertisements ; and the answer admits the liability of the defendant for those of a certain class.

Judgment affirmed.

On petition for rehearing, FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

Petition for rehearing. The objection taken to the instruction given by the Court, of its own motion, is more technical than substantial. It could not have prejudiced the defendant. There was no conflicting evidence in the case ; and that produced, considered in connection with the answer, necessarily led to the result arrived at by the jury. (See *Terry* v. *Sickles*, 13 Cal. 427.)

The counsel for the petitioner is mistaken in supposing the ver-

dict was rendered for one sum, and the judgment entered for another and greater sum. That portion of the transcript to which he refers is contradicted by the verdict itself, which accompanies the record.

Rehearing denied.