## YOUNG ET AL. v. MARTIN.

[OCTOBER 10, 1867.]

A PLEADING INTERPOSED AFTER DEMURRER OVERRULED is a waiver of the demurrer.

WHERE THE ONLY ERRORS ASSIGNED UPON APPEAL ARE SUCH AS EITHER HAVE BEEN WAIVED in the court below, or such as can not be considered here by reason of the laches of the appellant, the appeal will be dismissed upon proper motion.

APPEAL from the third district court. The opinion states the case.

*Baskin & Hempstead*, for the appellants.

*Marshal & Carter*, for the respondent.

DRAKE, J.:

This case is brought into this court by an appeal taken by the plaintiffs to the judgment and rulings of the district court for the third judicial district.

The appellants have assigned the following as errors: 1. The court erred in overruling the demurrer filed by the plaintiffs to the defendant's answer; 2. The court erred in ruling thereon that the defendant had a lien on the goods of E. R. Young & Sons, now in his possession for freight, both by McWhirt and Irvin trains; 3. The court erred in ordering the plaintiffs to reply as though the demurrer had not been filed; 4. The court erred in overruling the verbal motion of plaintiffs for judgment and damages on the pleadings.

The defendant has filed a motion to dismiss the appeal, and the following are assigned as reasons in support of the motion: 1. The plaintiffs in the lower court waived their exceptions to the ruling on the demurrer when they pleaded over, and said demurrer was thereby withdrawn; 2. That the verbal motion for judgment was but a repetition of the demurrer, made under a different name, and embracing the same points as those embraced in the demurrer. And the appeal is taken and the assignment of errors is based on those two alledged errors, which exceptions the plaintiffs waived by pleading and going to trials on the merits in the court below, and therefore have no standing in this court,

The counsel for and against the motion to dismiss the appeal having been heard, it is now for the consideration of the court.

The second and third errors assigned are incidental to the first; they arise out of it or are evolved by it, and by no fair construction can they be considered as separate and distinct, and they will be governed by the same rules and abide the same determination which awaits the first.

The fourth assignment of errors relates to a motion made by the plaintiffs for judgment on the pleadings, as they were perfected after the demurrer had been overruled. To give to this motion any proper and beneficial effect, we must consider it in the nature of a demurrer—a second demurrer, not a repetition of the first. After the first demurrer was overruled, the pleadings were perfected and the condition thereof was changed, and the party had a right to file another demurrer, and to have all the advantages, taking therewith all the hazards, attending the first.

It is a rule of law not to be controverted, that when a party demurs to the pleading of his adversary, and the demurrer is overruled, he must not proceed any further by pleading or going to trial if he would avail himself of any error in the ruling of the court upon the demurrer.

The latest decision upon this point which has come under my observation is that in the case of *Bell* v. *O. & M. Railroad*, 4 Wall. 598.

The same doctrine was held in the case of *Pierce* v. *Minturn*, 1 Cal. 470, it is said that this decision was made at an early day in the history of that state, and that subsequent decisions are otherwise. They have enacted a code of practice, and whatever may be the rule there now, it can not be doubted but that decision reflected the law of the land and throughout the United States at the time it was made, when it was not controlled by statutory enactments.

In the case of *United States* v. *Boyd et al.*, 5 How. 30, the doctrine is most clearly and emphatically laid down. It is useless to seek for other authorities upon this subject. I know of no case where the party seeking relief in a court of review, either upon appeal or writ of error, where this doctrine has not been maintained, if the question arose.

It is so well founded in common sense that no argument can disturb it. To doubt it, or to seek to overthrow it except by legislative enactment, would be the evidence of judicial dissentation.

The proceedings in this case seem, from the frequent repetition of counsel, to have been first a declaration by the plaintiffs; a plea in abatement by the defendant; then an answer; then a demurrer by the plaintiffs; then a replication to the answer; then a rejoinder by the defendant; then a surrejoinder by the plaintiffs; and then a motion for judgment; and then a trial by jury, in which both parties participated by giving evidence and addressing the jury.

Of the exact nature of some of the pleadings we are left to conjecture, for on inspecting the record we find nothing to make conjecture a certainty. We may believe the plaintiffs filed a demurrer to the answer, but what was the form or substance of that demurrer we have no means of ascertaining; it is not to be found in the record. Should it become im-

portant for us to determine whether the demurrer was one of form or substance, by what rule should we be led?

It is claimed by the plaintiffs that the court below erred by overruling or denying the motion for judgment. What was the form of this motion, or what reason for its allowance accompanied it, we know not: this important motion was not reduced to writing. All the interest of the parties in this important matter is left to rest upon a verbal motion; such a pernicious practice ought not to be indulged. We may believe all that is said of it; but if we look to the record, we have nothing to determine the exact nature and purpose of the motion.

It may be that the deficiency in the record and proceedings is immaterial in the solution of the questions before us. But if the security of the rights of parties does not require a greater degree of strictness and attention, yet the reputation and success of the practitioner does.

Again, I remark there is no bill of exceptions accompanying this record; is it expected that these varied and important questions, arising upon exceptions to the ruling of the court below, are to be heard and settled by us without a bill of exceptions before us? The idea is repulsive—it is preposterous; and I hope for the honor of the profession that hereafter no such occurrence will arise.

Giving to these omissions the very least importance, putting the most favorable construction upon the acts and proceeding of the parties, it is manifest that should we hear the argument of counsel upon the errors assigned in this appeal, it could result in nothing more than a rehearing of the questions arising upon the demurrer and upon the motion for judgment; these have been heard in the court where they were made, and the party seeking redress here has by his own acts placed them beyond the reach of review; and whatever may have been the errors of the court in its ruling upon the demurrer or motion, the party by pleading over and going to trial has taken it out of the power of this court to correct those errors on review.

Therefore the motion to dismiss must prevail, and the order of the court should be made in conformity.

TITUS, C. J., concurred.

McCURDY, J., dissented.