SPANISH FORK CITY, AND OTHERS, RESPONDENTS, *v.* ZACHARIAH HOPPER, AND OTHERS, APPELLANTS.

PRACTICE.—DEMURRER.— WAIVER OF EXCEPTION.— Where the defendants several months after filing answer, demurred to the complaint and the demurrer was overruled, and defendants thereupon went to trial upon their answer, in which no objection to the complaint was stated; *held*, that the exception to the overruling of the demurrer was waived.

PLEADING.—STATUTE OF LIMITATIONS.—Where the answer simply states that the action is barred by the statute of limitations, it is an insufficient plea and raises no issues under section 3244, 2 Comp. Laws of 1888, 251, requiring the section to be relied upon to be stated.

ID.—PARTIES.—MISJOINDER.—TENANTS IN COMMON.—Parties whose rights are divided from and subordinate to those of the plaintiffs in a suit over the waters of a stream, need not be joined as parties, even though they are tenants in common of the water with the plaintiffs. One tenant in common of water may sue alone to protect it or recover it from a trespasser.

APPEAL from a judgment of the district court of the first district and from an order overruling a motion for a new trial. The opinion states the facts, except that

the demurrer was on three grounds; incapacity of the plaintiff, Spanish Fork City, to sue; ambiguity and uncertainty in the complaint, and that the complaint did not state facts sufficient to constitute a cause of action.

*Messrs. Booth, Wilson and Wilson,* for the appellants.

*Mr. George Sutherland, Messrs. Thurman and King,* and *Mr. A. Saxey,* for the respondents.

MINER, J.:

This action was commenced by the plaintiffs against the defendants in the first district court at Provo, June 4, 1889, to prevent and restrain the defendants from taking, diverting, or obstructing any of the waters of the Spanish Fork river or its tributaries in Utah county; plaintiffs claiming to be joint owners by prior appropriation and use of the waters of said river for irrigation and domestic purposes. The several separate answers of the defendants were filed June 15, 1889, and a joint demurrer filed May 9, 1890, was overruled May 12, 1890, and the court proceeded to try the case without a jury, at the close of which trial a decree was entered for the plaintiffs. The defendants appeal. The defendants assign the following errors of law and fact: "*First.* The third finding is unsustained, for the reason that no proof of transfer of water-right from prior appropriators to the plaintiffs was before the court. (1) The court erred in overruling the demurrer of defendants to the complaint herein. (2) The court erred in finding for the plaintiffs in this: that no special damages to the plaintiffs was alleged or proven. (3) The court erred in finding for the plaintiffs in this: that the decision is not the legal result of the evidence, and that it is against the law, for the reason that the defendants have held open, peaceable, uninterrupted, and continuous use of the waters in dis-

pute for the period of seven years. (4) The court erred in distributing by its decree water to a party not a party of the action, namely, the South-East Irrigation Company. (5) The court erred in making a decree where all the parties in interest were not before the court in this: that the Lake Shore Canal Company, and the East Bench Canal Company were not represented in the action. (6) The Lake Shore Canal Company and the East Bench Canal Company were not before the court."

We have not been favored with the defendants' brief, but from the record we conclude that as to the first assignment of error the evidence tends to show that the original appropriators of the water organized themselves into the various irrigation companies, who were plaintiffs in this case, and thereafter received their water through the companies. Soon after the irrigation companies were organized they took charge of the water, and distributed it upon the lands of their stockholders and others, who were the original appropriators. There was also proof that the transfer of the water-rights had been made by the appropriators to some of the irrigating companies. If the transfer of water-rights was not strictly formal it was not a matter which the defendants could take advantage of. The testimony tends to show that the plaintiffs and their predecessors in interest had appropriated all the waters which were awarded to them prior to the date that any of the defendants made any appropriation, and, although there is a conflict in the proof bearing upon this question, the court below seems to have passed correctly on the matter presented.

1. The demurrer of the defendants to the complaint was filed several months after their answer, and was overruled by the court, and the defendants thereupon went to trial upon their answer. No objection to the complaint appears in the answer. They therefore waive their excep-

tion to the order of the court in overruling the demurrer.

2. The statute of limitations was not pleaded. The answer simply says that the action is barred by the statute of limitations. This is clearly an insufficient plea, and raises no issue in the case. The answer should have stated and pleaded the section of the Code of Civil Procedure relied upon, or should have stated the facts stating the defense. 2 Comp. Laws Utah, p. 251, § 3244; *Tunnel Co.* v. *Stranahan,* 31 Cal. 387; *Howell* v. *Rogers,* 47 Cal. 291; *Caulfield* v. *Sanders,* 17 Cal. 569.

3. The South-East Irrigation Company is not mentioned in the decree, and the court did not attempt to distribute any water to them. Their case was in no way considered by the court in its final determination.

4. The Lake Shore and East Bench Companies were not joined as plaintiffs, nor were their rights considered in this case. It appeared incidentally in the testimony that whatever rights they had were subordinate to those of the plaintiffs. It was not necessary to join them in the suit, even though they were tenants in common with the plaintiffs. The rule is well settled that one tenant in common of water may sue alone to protect or recover it from a trespasser, or one using it without right. *Water Co.* v. *Perdew,* 65 Cal. 453, 4 Pac. Rep. 426; *Carpentier* v. *Webster,* 27 Cal. 524; *Waring* v. *Crow,* 11 Cal. 367. Upon the whole record we discover no error. The judgment and decree of the lower court is affirmed.

ZANE, C. J., and ANDERSON J., concurred.