## WILBUR S. HENDERSON, Respondent, *v.* DANIEL TURNGREN and Others, Appellants.

Practice.—Demurrer.—Answer.—Waiver of Demurrer.—Under the code of civil procedure a party does not waive his demurrer by filing an answer at the same time or after the demurrer or by going to trial upon his answer, *sed quære* does this apply to a demurrer that is special for ambiguity and uncertainty.

Corporations.—Creditor's Bill.—Non-joinder.—If the corporation is not made a defendant to a creditor's bill to collect unpaid subscriptions, and the objection is not set up by demurrer or answer, it is waived.

Id.—Id.—Suit on Judgment.—A creditor's bill to collect unpaid subscriptions should be based upon a judgment against the corporation, and a return of *nulla bona*, and not upon the original claim.

Id.—Id.—Allegation of Indebtedness.—A creditor's bill to collect unpaid subscriptions alleging a judgment against an insolvent corporation, the issue of execution, and a return thereon of *nulla bona*, needs not to allege that the judgment is unpaid.

Id.—Stockholders.—Stock Declared Fully Paid.—*Semble* that Sec. 2393, Comp. Laws of 1888, which provides that any person who is holder of full paid up capital stock, shall not be liable for any assessments or for any indebtedness of the corporation other than by a sale of his or her stock, requires such stock to be in fact fully paid, whatever the articles of association may provide on the subject; compare *Gary* v. *Mining Co., post.*

Id.—Stockholders.—Liability for Subscription.—Where certain real property is deeded to a corporation by quit-claim deeds and stock issued therefor declared by the articles of association to be fully paid up, to which real property the grantors in the quit-claim deeds never had before or afterwards any title, such stock is not fully paid and the subscribers can be held for the full amount of their apparent subscriptions, even though there was no actual fraudulent intent.

CORPORATIONS.-- PUBLIC POLICY.-- WORTHLESS COMPANIES.-- The court expresses a decided opinion that on grounds of public policy the court cannot do better than hold to a strict account all those who engage in the very questionable business of creating business corporations that are insolvent from their very inception.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial, Hon. Charles S. Zane, judge. Neither the court nor the counsel notice the statute quoted in paragraph 5 of the syllabus.

The cause was referred to and tried before Hon. J. W. Harris as referee, who reported findings that were confirmed by the court. The pleadings were as follows:

The complaint alleged the incorporation of the Wasatch Stone Co., with a capital of $10,000 divided into 5,000 shares of the par value of $2 each, to which each of the five defendants subscribed; that certain described property was purported to be contributed to the corporation in full payment of all the capital stock; that said property was valueless and said incorporators never had any title thereto; that the corporation was insolvent, a judgment in favor of plaintiff had been recovered, execution issued, and the sole asset was the unpaid subscriptions, none of which had been paid; that said company and its officers and agents refuse to take any action to collect the unpaid subscriptions. The answer admitted the organization, set out a private agreement among the incorporators, admitted the conveyance of all their title and interest in the said property, denied that they never had any interest therein, but averred that they claimed an interest therein, denied that said interest was valueless, but averred that the corporation accepted the same in full payment, denied that said corporators had not fully paid their subscriptions, but alleged

28

that they believed their said interest was worth fully $10,000.

The findings showed the corporation, subscription, incorporators, attempted full payment by the property, its worthlessness, the non-payment by any of the corporators of any part of their subscriptions, the judgment, the execution and its return *nulla bona,* the amount due as unpaid from each subscriber. On the trial evidence was rejected that the incorporators honestly thought the claims were valuable. This evidence was rejected because the issue of actual fraud was immaterial.

*Mr. W. G. Van Horne* and *Messrs. Goodwin and Van Pelt,* for the appellants.

The plaintiff does not sue for himself and other corporators and does not make the corporation a party. *Patterson* v. *Lynde,* 106 U. S. 519; *Crease* v. *Babcock,* 10 Met. 525; *Brown* v. *Fisk,* 23 Fed. Rep. 228; *Adler* v. *Milwaukee, etc., Co.,* 13 Wis. 57; *Harper* v. *Mining Co.,* 100 Ill. 225; *Pfohl* v. *Simpson,* 74 N. Y. 137; *Coleman* v. *White,* 14 Wis. 700; *Umstead* v. *Buskin,* 17 Ohio St. 113; Beach on Corporations, sec. 698; Cook on Stock. 205; Morawetz on Corporations, 902; Thompson on Stockholders, secs. 351–361. The action should have been on the indebtedness. *Tuppe* v. *Hunshean,* 82 Ind. 307; *Bohn* v. *Brown,* 33 Mich. 257; *Southmayd* v. *Buss,* 3 Conn. 52; *Bailey* v. *Bancker,* 3 Hill, 188; Bliss on Code Pleading, 140; *Racouillet* v. *Rene,* 32 Cal. 450; *Association* v. *Stoneman,* 54 N. W. Rep. 1115. There is no allegation that the judgment is unpaid. *Vogel* v. *Walker,* 3 Utah, 227; *Adler* v. *Milwaukee Co., supra; Frisch* v. *Caler,* 21 Cal. 71; *Daveney* v. *Egganhoof,* 43 Cal. 393; *Doyle* v. *Insurance Co.,* 44 Cal. 264; *Roberts* v. *Treadwell,* 50 Cal. 520; *Curtis*

v. *Backman*, 24 Pac. Rep. 379. Creditors have no greater rights where property is bartered for stock than the corporation has. *Coit* v. *Amalgamating Co.*, 119 U. S. 343; *Phelan* v. *Hazard*, 5 Dill. 45; *Christenson* v. *Eno*, 106 N. Y. 97; *Whitehall* v. *Jacobs*, 44 N. W. Rep. 632; *Hospes* v. *Manufacturing Co.*, 50 N. W. Rep. 1117; *Coffin* v. *Ransdell*, 11 N. E. Rep. 20; *Brant* v. *Ehlen*, 59 Md. 1; Cook on Stockholders, 230; Beach on Corporations, sec. 121. The articles contained a statement of the property contributed as capital, and creditors had complete knowledge by an inspection of the agreement and the public records, to ascertain just what credit the corporation was entitled to. *Young* v. *Iron Co.*, 65 Mich. 122; *Paper Co.* v. *Waples*, 3 Woods, 34; Morawetz on Corporations, 831. The rejection of the evidence that the incorporators honestly believed in the validity of their claims, and that they expended large sums of money and considerable labor on the claims in reliance upon the validity of their claims, was clearly erroneous. *Coit* v. *Amal. Co.*, *supra; Young* v. *Iron Co.*, *supra; Brandt* v. *Ehlen*, *supra; Iron Co.* v. *Drexel*, 90 N. Y. 87; *Coffin* v. *Ransdell*, *supra; Phelan* v. *Hazard*, *supra; Whitehall* v. *Jacobs*, *supra;* Cook on Stock, secs. 33–35, 44–47.

*Mr. Frank Pierce*, for the respondent.

After discussing the other questions at length, cited as to the payment of subscriptions to stock in money or money's worth, the following cases: *Sawyer* v. *Hoag*, 17 Wall. 610; *Lloyd* v. *Preston*, 146 U. S. 642; *Crawford* v. *Rohrer*, 59 Md. 599. All the cases cited by the appellants were cases of over-valuation, where the question of good faith was a material issue. The law charged them with notice of the facts that their locations upon patented ground, were absolutely worthless

SMITH, J.:

The plaintiff is a judgment creditor of the Wasatch Stone Company, an insolvent corporation. The defendants are the corporators of said Wasatch Stone Company.

This is an action in equity to recover of defendants unpaid subscriptions to the capital stock of the company, it being alleged among other things: "That none of said defendants have ever paid into said corporation any portion of the capital stock subscribed by them."

The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Defendants answered, admitting they were incorporators of the Wasatch Stone Company and denying they had not paid their subscriptions, but alleged that they and each of them had paid their subscriptions by conveying to the company certain mining locations owned by them.

The articles of incorporation introduced in evidence contain the following, among other provisions:

"That in consideration of the amount of capital stock of this incorporation consisting of the aggregate valuation of the following described mining claims and properties, to-wit: (Here follows a description of certain lands.) All of said mining claims situated in Salt Lake county, Utah, for the working, development, management and use of which this corporation is formed and which is to become property of this corporation, the foregoing stock is hereby declared fully paid."

The lands described in this article were at the time of the formation of the corporation held in fee by strangers to the defendants under patents from the United States, and the defendants have never in any way connected themselves with this title, and they had not then and have never had any interest in the land. At the time of the

incorporation defendants supposed the lands were public lands of the United States, and defendants neither at that time nor ever since have had any interest in these lands. At the time of incorporation defendants by quit-claim deeds conveyed their pretended interest in these lands to the corporation.

Judgment below was for the plaintiff. A motion for new trial was made and overruled; from the judgment and order denying a new trial defendants prosecute this appeal.

The first question presented is raised by respondent as to the right of appellants to be heard on their exception to the ruling on demurrer. It is claimed by respondent that this exception is waived by the answer of defendant filed subsequently to the demurrer. This objection cannot be sustained. Our statute expressly reserves to a party an exception to a ruling on demurrer made against him. Comp. Laws, vol. 2, sec. 3393. A new trial may be granted for errors of law occurring at the trial and excepted to by the party making the application. Comp. Laws, vol. 2, sec. 3400.

Upon an appeal from a judgment the court may review the verdict or decision or any intermediate order if excepted to, Comp. Laws, vol. 2, sec. 3652.

We have seen that the ruling on demurrer is always deemed excepted to, sec. 3393, *supra.*

The cases of *Spanish Fork* v. *Hopper,* 7 Utah, 237, and *Brown* v. *Southern Pac. Co.,* 7 Utah, 292, are not in conflict with this view. The case of *Young* v. *Martin,* 3 Utah, 484, was decided in 1867, and long before the code of civil procedure was adopted and is not applicable.

In *Spanish Fork* v. *Hopper,* an answer was filed first, a demurrer filed subsequently was overruled; the court in that case, it is true, says that the exception to this ruling was waived by answering first. It would have been strictly correct to say that the right to demur was waived by

answering first. The nature of the demurrer is not shown, but all objections to the complaint, except for sufficiency of facts and to the jurisdiction of the court unless taken by answer or demurrer are waived. Comp. Laws, vol. 2, sec. 3225.

In *Brown* v. *Southern Pac. Co.*, no demurrer was interposed and the case is not in point at all.

We are of opinion that the ruling on demurrer is before us for review, and we so held in effect in the case of *Darger* v. *Le Sieur*, 8 Utah, 160, at the last term of this court.

It is insisted that the complaint is bad for three reasons:

1. That the corporation is not made a party defendant.

2. That the action should have been upon the indebtedness and not upon judgment.

3. That the complaint fails to allege that the judgment is nnpaid.

The first objection is not raised by the demurrer. It is an objection on account of non-joinder of a party defendant. This objection is waived if it is not raised by demurrer or answer. See sec. 3225, vol. 2, Comp. Laws, Utah.

The second objection is not well taken. Before a party comes into a court of equity to ask relief against the stockholders of an insolvent corporation, he must first establish his claim by judgment against the corporation itself.

Under the statutes of some states stockholders are primarily liable for a *pro rata* share of the debts of the corporation. In such states it has been held that the action against the stockholders should be upon the original indebtedness and not upon the judgment against the corporation.

Such authorities are not applicable in Utah, where, as in this case, the private property of stockholders is not liable for the debts of the corporation.

The liability of defendants in this case was secondary and arose only in the event of the insolvency of the cor-

poration. We think this complaint was properly founded on the judgment against the corporation. Cook on Stockholders, 200.

We also think the third objection is not well taken.

The complaint alleges a recovery of judgment; the issue of an execution thereon, a return *nulla bona;* that the corporation was insolvent and had no property to pay said judgment; that payment of the judgment had been demanded of defendants, which had been refused; that the directors of the company refused to collect the unpaid subscriptions to the capital stock made by defendants. This language cannot be mistaken. While it does not categorically state that the judgment is unpaid, it uses language equivalent to that statement. No particular form of words is required under our procedure; it is sufficient if the fact is alleged in such form that it may readily be understood.

This brings us to the main question in the case, to-wit: Did the defendants pay their subscriptions to the capital stock by the quit-claim deeds to the mining locations above mentioned?

It must be borne in mind that the defendants had no shadow of right or interest in the land embraced in these mining locations. The land was not public land. It was private property held in fee when the locations were made. In other words, the defendants conveyed absolutely nothing by the quit-claim deeds.

Can the subscribed capital stock of a corporation be paid in such worthless conveyances? The case does not present the question of over-valuation of property conveyed but presents a case of payment when the thing conveyed in payment was of no value.

The subscribers of the capital stock of a corporation must pay for their stock either money or money's worth.

Cook on Stock and Stockholders, sec. 199, says: "The

public in dealing with a corporation has the right to assume that its actual capital in money or money's worth is equal to its capital stock, which it purports to have, unless it has been impaired by business losses."

To the same effect and fully on the point is *Sawyer* v. *Hoag*, 17 Wall. 610. Morawetz on Private Corp. sec. 427, says: "The rule that shares cannot lawfully be declared paid up unless their par value has been contributed to the company's capital rests upon equities existing between the shareholders of the company and also upon the equitable rights of outside parties who deal with the company on the faith of the capital indicated by its charter." And again the same writer says, at sec. 428: "It follows, therefore, that property cannot be received in payment for more than it is really worth." Citing for the last proposition, *Bridge Co.* v. *Chapin*, 6 Cushing, 50; *Oliphant* v. *Woodburn Coal Co.*, 63 Iowa, 332.

We think this rule sound both on principle and authority.

It was suggested on the argument that such a conclusion would be against sound public policy as it would retard the formation of corporations. We do not believe any public good is promoted by the formation or operation of corporations, founded as this one was, upon absolutely nothing of value and which are a cheat upon everyone who deals with them and extends to them the smallest credit.

If the question of public policy is involved in this decision we believe it will be best promoted by holding to a strict account all those who engage in the very questionable business of creating business corporations that are insolvent from their very inception.

We are of opinion that the court below rightfully held the defendants responsible to plaintiff in this action.

The judgment of the court below is affirmed.

MINER, J., and BARTCH, J., concurred.