13 423
d23 387

SALT LAKE HARDWARE COMPANY, APPELLANT, *v.*
TINTIC MILLING CO. ET AL., RESPONDENTS.

STOCKHOLDERS—ACTION TO ENFORCE LIABILITY—ALLEGATION OF
INSOLVENCY—SUFFICIENCY—NECESSITY OF RETURN NULLA
BONA—PAYMENT FOR STOCK—WHAT CONSTITUTES.

1. Where a plaintiff obtains judgment against an insolvent incorporation, whose stockholders have not paid their subscriptions to stock, and the complaint alleges the return of an execution *nulla bona* by a sheriff of the county other than where such defendant resides or has property, such return, of itself, is not sufficient allegation of insolvency of the corporation to justify proceedings in equity against stockholders of the corporation who have not paid their subscription to stock.

2. The law does not require to be done that which is fruitless, vain, or unnecessary. In the absence of a statute, the law does not require a plaintiff in a proceeding in equity, to first obtain judgment and have execution returned *nulla bona* against an insolvent corporation, as a prerequisite to commencing an action to reach unpaid subscriptions of stockholders. If a judgment has been obtained, then the return of the execution *nulla bona* is the best evidence of insolvency upon which to base such proceedings, but this does not preclude other evidence of the insolvency; and whether a judgment has been obtained or not, it is permissible to allege in the complaint the fact of insolvency, and such other facts obtainable showing execution could not be collected, and thus avoid the expense and delay attending judgment and return of execution *nulla bona* in the first instance, and then the proper remedy may be pursued, with the same force and effect as if judgment had been obtained in the first instance, and execution had been returned unsatisfied. This course would be a short cut to reach a remedy, and is consistent with the rules of law.

3. In cases where the statute justifies the taking of property in

payment for stock, if the property taken was worthless, shadowy, and unsubstantial in its nature, courts hold that there has been no payment at all, and in such cases stockholders are liable on such fraudulently obtained stock for unpaid subscriptions. *Henderson v. Turngren*, 35 Pac. 495, 9 Utah 432, followed.

4. Complaint *held* sufficient, as stating a cause of action, although not a model for all cases.

(No. 688. Decided May 27, 1896. 45 P. R. 200.)

Appeal from the district court of the Third judicial district, Territory of Utah. Hon. S. A. Merritt, *Judge.*

Action by the Salt Lake Hardware Company against the Tintic Milling Company, and others, to compel payment by the stockholders of the defendant company of a judgment obtained against it by the plaintiff. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*J. W. Judd,* for appellant.

It is not necessary that execution should issue to any county other than in the county where the judgment was rendered. *Embree* v. *Reeve*, 6 Humph. (Tenn.) 37; *Stark* v. *Cheetham*, 2 Tenn. Chancery 300.

Insolvency may be proved in other ways than by judgments and execution returned *nulla bona.* Cook, Stockholders, sec. 200, p. 201; *Hodges* v. *Mining Co.*, 9 Oregon 200, 92 U. S. 156-160; *Camden* v. *Doremus*, 3 How. (Curtis Ed.) 535-540, 12 Peters (Curtis Ed.) 816.

*McDowall & Marioneaux,* and *Brown, Henderson & King,* for respondents.

To prove that the issuance and service of the execution in such case are exacted by the law with a real purpose,

we invite the attention of the court to the language in *Reed* v. *Wheaton*, 34 Am. Dec. 366, and notes; and *N. W. Iron Co.* v. *West Sup. Iron & S. Co.*, 63 N. W. 752, and authorities cited.

We are aware that it has been held that execution returned *nulla bona* is not absolutely essential where the corporation is *notoriously insolvent*, but the allegation of the complaint in this case that the defendant corporation is insolvent is plainly but a conclusion from the alleged unsuccessful attempt to satisfy the execution issued upon the judgment, and there is no reason why plaintiff should have come to any such conclusion from serving the execution in Salt Lake county, when according to its complaint all the property of the company was situated in Juab county; and such conclusion of plaintiff is negatived by its own allegations respecting the defendant corporation's property described in paragraph III. of the complaint.

The case of *Henderson* v. *Turngren*, 9th Utah 432, is not in point, for in that case it was found as a fact that execution was issued and returned *nulla bona*, and we must assume that it was issued to the proper county and showed an effort in good faith to collect the judgment from the corporation, and in the Turngren case it was alleged that the corporators had no title to the property conveyed to the company, while there is no such allegation in the case at bar.

The complaint is for unpaid subscriptions or for fraud in not conveying property of proper value, and yet shows that the property was to be and was taken in full payment of the entire capital stock, and therefore there is nothing due. See sec. 2268 Compiled Laws of Utah, vol. 2. *South Mountain Con. Mining Co.*, 7 Sawyer 30.

MINER, J.:

Plaintiff alleges in its complaint, in substance: That in May, 1893, it recovered judgment against the defendant company in the Third district court of Utah for $504.28. That execution was issued theron on January 15, 1894, which execution went into the hands of the sheriff of Salt Lake county, and was by him returned as follows: "I hereby certify that, after careful and diligent search, I fail to find any property belonging to the within defendant, the Tintic Milling Company, and I herewith return the within execution unsatisfied." That the defendant corporation was organized in May, 1892, with a nominal capital stock of $200,000, divided into 200,000 shares, of the par value of $1 per share, and that the defendants other than the incorporation and the defendant Hyde, the president, constituted all the incorporators, who subscribed for all said stock, and that defendant Shettle subscribed for 171,000 shares thereof, and that said Shettle purported to convey to the said corporation in 1891 an agreement with the Mammoth Mining Company, together with certain rights and privileges belonging thereto and all machinery and rights owned by Shettle in that certain mill situated in Tintic, Juab county, Utah, and that said mill and property was then in the possession of, and being worked by, Shettle, and also all the rights of said Shettle to any and all processes for the reduction and milling of ores, in full payment of and for 200,000 shares of capital stock in said (defendant) corporation; and further alleges, on information and belief, that said property, as above described, is, and was at the time when it was conveyed to said corporation, wholly useless and valueless, and that there was no consideration paid to the said incorporation for the capital stock subscribed by either or any of the incorporators,

which defendant knew when said property was conveyed, and that it was valueless and constituted no consideration, etc. That defendants fraudulently conspired together to defraud and defeat the creditors of said company out of their just claims by an apparent payment of their capital stock, which was not, and never was, paid. That none of the defendants ever paid to the company any of the capital stock subscribed for by them, and that said subscription price remains unpaid. That the corporation is insolvent, and has no property to pay said judgment and costs, except the unpaid stock subscribed for, which remains unpaid; and prays for a decree requiring the defendant corporation to make a call or assessment against defendants for sufficient amounts to pay said judgment, and for a judgment against each of the defendants other than the corporation. To this complaint defendants demurred, and alleged that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them. The demurrer was sustained. Plaintiff elected to stand upon the complaint, declined to answer, and the complaint was dismissed. Plaintiff appealed to this court, and alleges that the court erred in sustaining the demurrer and dismissing the complaint.

It appears from the complaint that the execution was placed in the hands of the sheriff of Salt Lake county, and that it was returned by him *nulla bona*. The execution was not placed in the hands of the sheriff of Juab county, where it is conceded the defendant resided, for collection; so that the return of the sheriff of Salt Lake county is not a sufficient return, showing the defendant corporation was insolvent, if taken by itself. To entitle the plaintiff to relief in equity, to obtain payment of his judgment from stockholders who have not paid their subscriptions to the stock, on the sole ground that he has

exhausted his remedy at law against the corporation, he must show affirmatively, if the judgment is one upon which execution may issue to any county in the State, that he has issued execution to the sheriff of the county where the defendant had his residence, and where his property was located, which execution was returned unsatisfied, or show some legal excuse for not doing so. The personal liability of the stockholders for their unpaid subscriptions to the stock is secondary to that of the corporation, and does not accrue until the corporation assets have been exhausted, or clearly shown to have been insufficient to pay the judgment rendered against it, or that it has no property or assets, or, for some good cause alleged, it is made to appear reasonably certain that the plaintiff cannot collect his judgment against it. *Reed* v. *Wheaton*, 34 Am. Dec. 366; *Screven* v. *Bostick*, 16 Am. Dec. 664; *Bank* v. *Griffith*, 10 Paige 520; 1 Beach, Priv. Corp. § 123; *Henderson* v. *Turngren*, 9 Utah 432, 35 Pac. 495; *Northwestern Iron Co.* v. *West Superior Iron & Steel Co.* (Wis.), 63 N. W. 752.

While this allegation, taken by itself, is clearly insufficient to justify the proceeding taken, yet it is alleged in the complaint that the said corporation is insolvent, and has no property to pay said judgment and costs due the plaintiff, except the unpaid stock subscriptions due from the defendants to the corporation; that payment has been demanded from each defendant, and refused; that the president refused to call the board of directors to make an assessment, and the board of directors have refused to take any steps, and refuse to pay plaintiff's debt; that defendants have never paid to the corporation any portion of their subscription to the capital stock; that the transfer of the contract, covering a mining deal, was, and was known to the defendants to be, fraudulent, and the property valueless, worthless, and without any

consideration; that the stock was issued without being paid for,—and the defendants thus fraudulently conspired together to defraud creditors of the corporation by these and other means alleged.

While the allegation of the judgment and execution returned unsatisfied is considered the best evidence of the insolvency and insufficiency of the corporate assets to pay its debts, yet it is not the only evidence upon which a court of equity will act, and failure to pursue this course may be supplied by other allegations that the principal is notoriously insolvent, and is unable to pay its debts. So it has been held that in actions by creditors to enforce the personal liability of stockholders, if it is clearly shown that the corporation is insolvent, and has no property with which to satisfy the plaintiff's demand; that it has made an assignment for the benefit of creditors, or has been adjudged a bankrupt; that it has ceased to exercise its functions, and is without property or funds with which to pay its debts,—are sufficient allegations upon which the proceeding can be maintained to enforce private liability against stockholders. 1 Beach, Priv. Corp. § 124; *Bank* v. *Greene*, 64 Iowa 445, 17 N. W. 86; 20 N. W. 754; *Knight* v. *Frost*, 14 Mo. App. 331; *Hodges* v. *Mining Co.*, 9 Or. 200; 1 Cook, Stock, Stockh. & Corp. Law, p. 67, § 46; *Camden* v. *Stuart*, 144 U. S. 104, 12 Sup. Ct. 585; *Lloyd* v. *Preston*, 146 U. S. 630, 13 Sup. Ct. 131.

The law does not require to be done that which is fruitless, vain, or unnecessary. In the absence of a statute, it does not require a plaintiff, in a proceeding in equity, to first obtain a judgment, and have an execution returned thereon *nulla bona* against a corporation that is actually and publicly known to be insolvent and without any means whatever with which to pay its debts, as a prerequisite to commencing an action against the stock-

holders, to reach unpaid subscriptions to its capital stock, unless the statute so requires. If a judgment has been obtained, then the return of an execution thereon *nulla bona* is the best evidence of the insolvency of the corporation; but this does not preclude other evidence of the insolvency, and, whether judgment has been obtained or not, it is permissible for the party to file his complaint, and allege the fact of the insolvency of the corporation, and such other facts as the case may admit of, showing that an execution could not be collected against it, and thus avoid the expense and delay attending a judgment and return of execution in the first instance, and then pursue his remedy, with the same force and effect as if judgment had been first obtained. This course would be a short cut to reach the remedy obtainable, and is entirely consistent with the rules of law, although there are some cases to the contrary. 1 Beach, Priv. Corp. § 124; *Hodges* v. *Mining Co.*, 9 Or. 200; *Walton* v. *Coe*, 110 N. Y. 109; 17 N. E. 676; *Morgan* v. *Lewis*, 46 Ohio St. 1, 17 N. E. 558; *Munger* v. *Jacobson*, 99 Ill. 349; *McDonnell* v. *Insurance Co.* (Ala.), 5 South. 120; *Manufacturing Co.* v. *Bradley*, 105 U. S. 175. In the case of *Henderson* v. *Turngren*, 9 Utah 432, 35 Pac. 495; the territorial court discussed and passed upon the question of the impropriety of forming bogus corporations, and issuing stock without adequate payment therefor. In cases where the statute justifies the taking of property in payment for stock, if the property which was taken in payment was practically worthless and is shadowy and unsubstantial in its nature, courts have held that there has been no payment at all, and that the stockholders are liable on their stock for the unpaid subscriptions. I Cook, Stock, Stockh. & Corp. Law, p. 67, § 46; *Camden* v. *Stuart*, 144 U. S. 104, 12 Sup. Ct. 585; *Lloyd* v. *Preston*, 146 U. S. 630, 13 Sup. Ct.

131; *Preston* v. *Railroad Co.*, 36 Fed. 54; *Garrett* v. *Mining Co.* (Mo. Sup.), 20 S. W. 965; *Scovill* v. *Thayer*, 105 U. S. 143.

This complaint is not so full and certain in its allegations as it might have been, but, taken as a whole, sufficiently states a cause of action. 1 Cook, Stock, Stockh. & Corp. Law, p 55, § 42.

The order of the district court sustaining the several demurrers of the defendants, and dismissing the complaint, is vacated and set aside, and the cause is remanded for further proceedings.

ZANE, C. J., and BARTCH, J., concur.