No. 4892.

(Court of Appeal, Parish of Orleans.)

## MARY FLANAGAN vs. T. G. SPITZFADEN AND FIDELITY & DEPOSIT CO. OF BALTIMORE, MD.

B. R. Forman for plaintiff and appellee.

Morgan & Milner for defendant and appellant.

DUFOUR, J.—The plaintiff sues Spitzfaden, a notary public of this city and the Fidelity and Deposit Company of Maryland, the surety on the notary's official bond, on the ground that he induced her to part with her money upon the faith of his official paraph of two mortgage notes forged by him.

One of the items sued for is $405, money loaned by plaintiff to Spitzfaden to secure which he gave her a forged mortgage note of John F. Bergens for $600.

An attempt is made to show that the Bergens note is not a forgery, and it is said that Bergens had at one time admitted the note to be genuine. But the evidence, as a whole, satisfies us, as it did the District Judge, that it was a forged note. No presumption arises from the failure to produce Lucien Baron, owner of the genuine note, he was equally accessible to both litigants.

The other item is for $510, for which Spitzfaden gave her a mortgage note purporting to be signed by one Michili and forged by him.

— 230 —

Much is said by counsel for defendant about money left with the notary for investment, for which, it is claimed, the surety is not liable. The evidence clearly shows that the Michili note was sold to her on the same day that the notary received the money, and that she took both it and the other note on the faith of the paraph.

In **Rochereau vs. McJones, 29 An. 82,** the Supreme Court said:

> "The sureties on the official bond of a notary public are liable for any loss or damage caused by his affixing his notarial paraph to any mortgage note which he knew to be forged, and any one injured by his act has a right of action on the bond against his sureties."

In **Nolan vs. Labatte, 117 La. 447,** the following language is used:

> "There is no doubt that the paraphing (that is, the writing thereon by the notary of his signature, with mention of the date of the act with which it is connected) of a mortgage note is a notarial function, for the non-discharge or improper discharge, of which the notary and his sureties may be held liable to any one who may thereby be injured. Hence, if the plaintiff had purchased (whether from the notary himself or from anyone else) the forged and paraphed notes here sued on, believing them to be what they purported to be, she would be entitled to recovery."

Under the foregoing there can be no doubt as to the surety's liability, for the loss caused the plaintiff by the act of the notary.

Such loss is the amount which plaintiff would have received had the forged note been genuine and includes the interest agreed upon, as well as the principal, both

are equally liquidated, and could have been realized.

The contention of defendant that no interest can be recovered because the note was forged and could bear no interest would, if correct, equally prevent recovery of the principal paid for the forged note.

> "The measure of damages is the amount of the debt and interest intended to be secured by the mortgage."

**10 Cal. 246; 26 Pac. Rep. 629; 45 Pac. Rep. 200.**

"The measure of damages against a notary for false certification is the actual loss sustained."

**21 Ency. of Law, (2d Ed.) 574.**

There is no force in the suggestion that in **Nolan vs. Labatut, 117 La. 431,** only legal interest from judicial demand was allowed; as examination of the record in that case shows that such allowance was in exact accord with the prayer of the petition.

So far as judgment is given on one of the notes for $510, the purchase price, it is erroneous; it should have been for its face value, $500.

The judgment is amended by reducing the principal sum of $915 to $905, and by allowing interest on the second item on $500, instead of $510, and, as amended, said judgment is affirmed, plaintiff to pay costs of appeal.

Godchaux, J., concurs and files separate opinion.

February 9, 1910.

Rehearing refused March 21, 1910.

### Concurring Opinion.

GODCHAUX, J.—I concede, as in effect stated in the opinion, that, as a general rule, the measure of damages is the debt and stipulated interest (as evidenced by the

mortgage note itself in the case of the sale thereof; and as evidenced by the notary's note, in the case of the pledge of the mortgage note) to the extent that it could have been satisfied through the mortgage note, had it been genuine, having in view the solvency or insolvency of the maker of the mortgage note, as well as the value of the property mortgaged to secure it.

I do not, however, wish to be understood as announcing that this rule is applicable to all cases, and believe that there may be exceptional cases where it is not at all applicable.

With this reservation, I concur both in the opinion and in the decree.

February 9, 1910.

Rehearing refused March 21, 1910.

Writ denied by the Supreme Court April 12, 1910.